# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HSBC Bank USA, N.A. and Does 1 through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Shannon McDonald

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2012 NOV -5 PM 3: 05

CLERK
SAN DIEGO COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>San Diego Superior Court, North County Division<br>325 S. Melrose, Vista, CA 92081 | **CASE NUMBER:**<br>*(Número del Caso):*<br>37-2012-00058369-CU-MC-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karen S. Spicker, Esq. SBN 127934 Doan Law Firm, LLP, 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008

| | | | |
|---|---|---|---|
| DATE: November 5, 2012<br>*(Fecha)* | Clerk, by **C.Terríquez**<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   HSBC Bank USA, N.A.
3. ☒ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1/23/13

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Karen S. Spicker, Esq. SBN 127934<br>Doan Law Firm, LLP<br>2850 Pio Pico Drive, Suite D<br>Carlsbad, CA 92008<br>TELEPHONE NO.: (760) 450-3333    FAX NO.: (760) 720-6082<br>ATTORNEY FOR *(Name):* Shannon McDonald | FOR COURT USE ONLY<br><br>2012 NOV -5 PM 3: 05<br><br>CLE...<br>SAN DIEGO ...RIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 325 S. Melrose
MAILING ADDRESS: 325 S. Melrose
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

CASE NAME:
HSBC Bank USA, N.A. and Does 1 through 10, inclusive.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2012-00058369-CU-MC-NC |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[✓] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 10
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 5, 2012
Karen S. Spicker, Esq
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| BRANCH NAME: | North County |
| TELEPHONE NUMBER: | |

PLAINTIFF(S) / PETITIONER(S):      Shannon McDonald

DEFENDANT(S) / RESPONDENT(S):  HSBC Bank USA, N.A.

MCDONALD VS. HSBC BANK USA, N.A.

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2012-00058369-CU-MC-NC |
|---|---|

Judge:                                                               Department: *29*

**COMPLAINT/PETITION FILED:** 11/05/2012

### ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW, EXCEPT FOR PARKING CITATION APPEALS

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

**COMPLAINTS:** Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

**CASE MANAGEMENT CONFERENCE:** A Case Management Conference will be set within 150 days of filing the complaint.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2012-00058369-CU-MC-NC     CASE TITLE:
McDonald vs. HSBC Bank USA, N.A.

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

1

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 325 S Melrose DRIVE | |
| MAILING ADDRESS: 325 S Melrose DRIVE | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |
| PLAINTIFF(S): Shannon McDonald | |
| DEFENDANT(S): HSBC Bank USA, N.A. | |
| SHORT TITLE: MCDONALD VS. HSBC BANK USA, N.A. | |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2012-00058369-CU-MC-NC |
|---|---|

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1

1  Karen S. Spicker, SBN 127934
   Doan Law Firm, LLP
2  2850 Pio Pico Drive, Suite D
   Carlsbad, CA 92008
3  Phone (760) 450-3333 • Fax (760) 720-6082
   karen@doanlaw.com
4

5  Attorney for PLAINTIFF
   SHANNON MCDONALD
6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9         COUNTY OF SAN DIEGO—NORTH COUNTY JUDICIAL DISTRICT

10

11 SHANNON MCDONALD,                  ) Case No. 37-2012-00058369-CU-MC-NC
                                      )
12          Plaintiff,                ) **FIRST AMENDED COMPLAINT SEEKING**
                                      ) **MONETARY DAMAGES, STATUTORY**
13 vs.                                ) **DAMAGES, INJUNCTIVE RELIEF;**
                                      ) **PUNITIVE DAMAGES; AND**
14                                    ) **DECLARATORY RELIEF, FOR:**
                                      )
15 HSBC Bank USA, N.A., and DOES 1    ) **1) VIOLATION OF CAL. CIV. CODE**
   through 10, inclusive;             )    **§1788.17, (under 15 U.S.C. §1692c(a)(2));**
16                                    ) **2) VIOLATION OF CAL. CIV. CODE**
                                      )    **§1788.17, (under 15 U.S.C. §1692c(a)(3));**
17          Defendants.               ) **3) VIOLATION OF CAL. CIV. CODE**
                                      )    **§1788.17, (under 15 U.S.C. §1692c(c));**
18 _____ ) **4) VIOLATION OF CAL. CIV. CODE**
                                         **§1788.17, (under 15 U.S.C. §1692d(5));**
19                                       **5) VIOLATION OF CAL. CIV. CODE**
                                         **§1788.11(d);**
20                                       **6) VIOLATION OF CAL. CIV. CODE**
                                         **§1788.11(e);**
21                                       **7) VIOLATION OF CAL. CIV. CODE**
                                         **§1788.12(a);**
22                                       **8) VIOLATION OF CAL. CIV. CODE**
                                         **§1788.14(c);**
23                                       **9) NEGLIGENT VIOLATION OF 47 U.S.C.**
                                         **§227 ET SEQ.;**
24                                       **10) WILLFUL AND/OR KNOWING**
                                         **VIOLATION OF 47 U.S.C. §227 ET SEQ.;**
25

26

27

28

─────────────────────────────────────────────

                    **PLAINTIFFS' FIRST AMENDED COMPLAINT**

1

2       11) INVASION OF PRIVACY; and
        12) INTENTIONAL INFLICTION OF
              EMOTIONAL DISTRESS.

3       JURY TRIAL DEMANDED
        AMOUNT IN CONTROVERSY: $313,482.00.

4

5

6

7       ///

8

9

10

11

12      ///

13

14

15

16

17      ///

18

19

20

21

22      ///

23

24

25

26

27      ///

28

# I.

## INTRODUCTION

1.  Plaintiff SHANNON MCDONALD (hereinafter "SHANNON MCDONALD" and/or "PLAINTIFF") brings this lawsuit against the DEFENDANTS, HSBC Bank USA, N.A. and DOES 1-10 INCLUSIVE (hereafter "HSBC" or DEFENDANTS), for violations of California Civil Codes §§1788.17, 1788.14, 1788.12, 1788.11 and other torts alleged herein.

# II.

## FINDINGS AND PURPOSE OF
## CALIFORNIA CIVIL CODE §1788 et seq..the  RFDCPA

2.  The California Legislature made the following **findings** and **purpose** in creating Civil Code §1788, the **RFDCPA**:

>   (1)  *The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.*

>   (2)  *There is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.*

>   (3)  *It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.*

3.  On September 3, 1999, "urgency legislation" was passed adding Civil Code §1788.17 to the RFDCPA which incorporated therein nearly all of the provisions of the Federal Fair Debt Collection Practices Act ("FDCPA") which also superceded numerous provisions

1  of the RFDCPA, such as Civil Code §1788.14, to the extent inconsistent, and which was

2  enacted in 1977.

3  4.  The United States Congress has made the following **findings** and declaration of

4  **purpose** under the **FDCPA**:

5      *(a)  Abusive practices. There is abundant evidence of the use of abusive,*

6      *deceptive, and unfair debt collection practices by many debt collectors. Abusive*

7      *debt collection practices contribute to the number of personal bankruptcies, to*

8      *marital instability, to the loss of jobs, and to invasions of individual privacy.*

9      *(b)  Inadequacy of laws. Existing laws and procedures for redressing these*

10     *injuries are inadequate to protect consumers.*

11     *(e)  Purposes. It is the purpose of this title [15 U.S.C.S. §§1692 et seq.] to*

12     *eliminate abusive debt collection practices by debt collectors, to insure that*

13     *those debt collectors who refrain from using abusive debt collection practices*

14     *are not competitively disadvantaged, and to promote consistent State action to*

15     *protect consumers against debt collection abuses.*

16                              **III.**

17          **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

18                 **(TCPA ), 47 U.S.C. §227 GENERALLY**

19  5.  In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227

20  ("TCPA") in response to a growing number of consumer complaints regarding unwanted

21  telemarketing calls and unwanted automated and prerecorded telephone calls, which

22  Congress found to be a costly nuisance and an invasion of privacy to consumers.

23  6.  In furtherance of this goal, the TCPA regulates, among other things, the use of any

24  automated telephone dialing system or an artificial or prerecorded voice.  Specifically,

25  the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages

26  or autodialers to make any call to a wireless number in the absence of an emergency or

27  without the prior express consent of the called party.

28  ///

7.   Likewise, section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages in any calls to a cellular telephone line in the absence of an emergency, the prior express consent of the called party, or order by the Federal Communications Commission ("FCC").

8.   The FCC, which pursuant to the statute has prescribed various regulations implementing the TCPA requirements, held in a recent FCC Declaratory Ruling that prerecorded message calls to a wireless number by a creditor for (or on behalf of a creditor) are permitted only if the calls are made with "prior **express** consent" of the called party. The FCC held "the creditor should be responsible for demonstrating that the consumer provided prior express consent.  The creditors are in the best position to have records kept in the usual course of business showing such consent . . ." In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C.R. 559, 564 (2007).

9.   Prior express consent is "deemed to be granted only if the wireless number was provided by the consumer to the creditor, and such number was provided during the transaction that resulted in the debt owed." Id. at 564-65.

10.  Although a person who knowingly provides his or her wireless telephone number to a creditor may have consented to receive telephone calls at the number regarding the debt, such consent may be revoked by further instruction from the consumer.  Id. at 564. According to the FCC's ruling, any claim that the knowing release of a phone number has given effect to an invitation to be called at the number only exists "absent instructions to the contrary." Id.  A written cease and desist order advises a creditor to stop calling and serves to revoke any prior consent.

### IV.

### JURISDICTION

11.  Jurisdiction of this Court arises under California  Code Civil Procedure section 410.10 *et seq*.

/ / /

/ / /

# V.

## PARTIES

12. At all times alleged herein, Plaintiff was an individual residing in the City of Oceanside, County of San Diego, State of California and from whom Defendants sought to collect a consumer debt which was due and owing from Plaintiff or alleged to be due and owing from Plaintiff.  Plaintiff is a "debtor," as that term is defined by California Civil Code §1788.2(h).

13. Plaintiff is informed and believes, based and thereon alleges, that Defendant HSBC is in the business of issuing and/or servicing credit cards for individuals residing in the County of San Diego, State of California.

14. Defendants and each of them are not an attorney or counselor at law, and in the ordinary course of business Defendants regularly engage in debt collection as that term is defined in California Civil Code §1788.2. Defendants and each of them are a "debt collector," as that term is defined by California Civil Code §1788.2(c) and each Defendant is a "person" as that term is defined by California Civil Code §1788.2(g).

15. Defendants and each of them are and at all times mentioned here were a "corporation" and a "person" as defined by 47 U.S.C. §153(13) and (32).

16. All telephone contacts by Defendants to Plaintiff occurred on Plaintiff's cellular and/or residential telephone via an "automated telephone dialing system" and/or used an "artificial or prerecorded voice" as defined by 47 U.S.C. §227(a)(1) and (b)(1)(A).

17. All calls that are the subject of this complaint occurred within one year of filing this complaint.

18. The true names and capacities, whether individual, corporate, associate or other, of the defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff. When the true names and capacities of such defendants are ascertained, Plaintiff shall amend this complaint to allege the same. Plaintiff is informed and believes, and based thereon alleges, that each such fictitiously named defendant herein is responsible for each of the acts and omissions alleged herein.

COMPLAINT
5

1    19.    For purposes of this Complaint, unless otherwise indicated, "Defendants" includes all

2            agents, employees, officers, members, directors, heirs, successors, assigns, principals,

3            trustees, sureties, subrogees, representatives, and insurers of Defendants and each of

4            them herein.

5    20.    The Defendants, and each of them, were acting on their own behalf and as the agents,

6            servants, partners, joint venturers, and employees of each other, and within the scope of

7            their agency, authority and employment.

8    21.    This case involves money, property or their equivalent, due or owing or alleged to be

9            due or owing from a natural person by reason of a consumer credit transaction. As such,

10          this action arises out of a "consumer debt" and "consumer credit" as those terms are

11          defined by California Civil Code §1788.2(f).

12

13                                **VI.**

14                           **FACTS**

15                **Plaintiff Retained Doan Law Firm, LLP**

16    22.    Defendants allege that Plaintiff incurred a "debt" with Defendants and each of them, as

17            that term is defined by California Civil Code §1788.2(d) and 15 U.S.C. §1692a(5).

18    23.    On **March 10, 2012**, Plaintiff retained DOAN LAW FIRM, LLP to dispute the validity

19            of the debt, to end communications on the debt under the RFDCPA, to eliminate all

20          personal liability on the debt via Title 11 of the United States Code, to ensure that

21          creditors accurately and completely report account information to each credit reporting

22          bureau, as well to expressly revoke consent, if any, given by the Plaintiff to have

23          Defendants communicate directly with Plaintiff.

24    24.    Specifically, DOAN LAW FIRM, LLP was retained to provide the following seven (7)

25          services:

26          1)    Stop all future communications and harassment from creditors using Civil Code

27                §1788.14 and §1788.17 of the RFDCPA, (under 15 U.S.C. §1692 *et seq.*);

28    ///

2)   Dispute the validity of the debt alleged based on 15 U.S.C. §§1692c and 1692d, among other things, the statute of frauds, standing in light of securitization, set off rights, improper fees and interest charges and other state and federal statutes;

3)   Ensure that creditors comply with Civil Code §1785.25(a) and correctly and accurately report to credit reporting agencies information about Plaintiff's account, and fact that the enforceability was disputed;

4)   Eliminate personal liability using Title 11 of the U.S. Code;

5)   Ensure that creditors comply with Civil Code §1785.25 and the Fair Credit Reporting Act (FCRA);

6)   Expressly revoke any prior consent for the purposes of the TCPA; and

7)   Stop any and all future communications and harassments by creditors using prerecorded messages and automatic dialing systems as prohibited under the TCPA.

25.   Plaintiff paid money to DOAN LAW FIRM, LLP for the foregoing services.

26.   The purported debt owed to Defendants will be the subject of a Chapter 7 Bankruptcy.

27.   Once discharged, Defendants have no further contractual rights to enforce the debt against Plaintiff and Plaintiff will have no obligation to pay Defendants.

### Legal Help Was Provided To Protect Plaintiff from Defendants:

28.   Plaintiff sent HSBC **one (1)** written "Cease and Desist Order" dated **March 13, 2012** via Certified Mail on **March 15, 2012**. The returned Certified Mail Receipt indicates that said letter was received by HSBC on **March 19, 2012**. A true and correct copy of the **one (1)** Cease and Desist Order and the corresponding Certified Mail Receipt, are attached collectively hereto as **Exhibit "A"** and incorporated herein.

29.   Plaintiff sent **one (1)** additional written "Cease and Desist Order" dated **April 9, 2012** via Certified Mail. The returned Certified Mail Receipt indicates that said letter was received by HSBC on **April 30, 2012**. A true and correct copy of the **one (1)** Cease and Desist Order and the corresponding Certified Mail Receipt, are attached collectively

1    hereto as **Exhibit "A"** and incorporated herein.

2    30.   In addition, Plaintiff gave verbal notice of attorney representation and to cease all

3    communications on **May 7, 2012**.

4    31.   Further, DOAN LAW FIRM, LLP sent **three (3)** additional "Cease and Desist Orders"

5    dated **May 9, 2012** via First Class Mail with Proofs of Service on **May 10, 2012**

6    directing Defendants to cease all communications with Plaintiff.  True and correct

7    copies of the **three (3)** Cease and Desist Orders and the corresponding Proofs of

8    Service, are attached collectively hereto as **Exhibit "A"** and incorporated herein.

9    32.   The written Orders to Defendants specifically provided the following:

10         a)   Plaintiff would soon be filed under Title 11 Federal Protection;

11         b)   Advised that Plaintiff refused to pay the debt;

12         c)   Advised that Plaintiff disputed the validity of the debt;

13         d)   Advised that Plaintiff was now represented by an attorney, DOAN LAW FIRM,

14              LLP with respect to the debt;

15         e)   Ordered that Defendants Cease and Desist all further communications with

16              Plaintiff with respect to the debt; and

17         f)   Advised that billing statements should be sent to a new address at 2850 Pio Pico

18              Drive, Suite D, Carlsbad, CA 92008.

19

20    **Defendants Had Actual Knowledge Of Attorney Representation:**

21    33.   Defendants physically received and had actual knowledge of the Cease and Desist

22    Orders.

23    34.   Defendants had actual knowledge of **attorney representation** by the DOAN LAW

24    FIRM, LLP.

25    35.   Defendants actually knew they had to **Cease and Desist** all further communications

26    with Plaintiff with respect to the debt.

27    36.   Defendants actually knew Plaintiff **refused to pay** the debt.

28    37.   Defendants actually knew that Plaintiff **disputed the validity** of the debt.

1   38.   Defendants actually knew Plaintiff was preparing to file under **Federal Relief under**
2         **Title 11**.
3   39.   Defendants actually **knew they were now prohibited from contacting** Plaintiff by all
4         means.
5   40.   Defendants actually knew they could no longer call, write, send billing statements,
6         statements of account, or any other communication, except legal process to Plaintiff.
7   41.   Defendants knew they could only communicate with DOAN LAW FIRM, LLP.
8   42.   Defendants knew they could only call, write, send billing statements, and send
9         statements of account, to the DOAN LAW FIRM, LLP at the new address provided.
10  43.   The Official Staff Commentary on Regulation Z 226.2(a)(22)-2 specifically provides:
11              *"An attorney and his or her client <u>are considered to be the same person for</u>*
12              <u>*purpose of this regulation*</u> *when the attorney is acting within the scope of the*
13              *attorney-client relationship with regard to a particular transaction."*
14  44.   Defendants knew that any further communications of any kind with Plaintiff was
15        prohibited, unlawful, illegal, and would subject them to damages.
16
17        <u>**DEFENDANTS Committed at least One hundred ninety-two (192) Unlawful**</u>
18                              <u>**Communications**</u>
19  45.   Despite knowledge of attorney representation, Defendants intentionally, willfully,
20        deliberately, and knowingly refused to abide by the laws of the RFDCPA, FDCPA, and
21        TCPA, as set forth in the Cease and Desist Orders and communicated with Plaintiff in
22        regard to the alleged debt.
23  46.   Specifically, Defendants continued communications with Plaintiff, as further evidenced
24        by the phone call records and handwritten call logs.  True and correct copies of the same
25        are attached hereto as **Exhibit "B-D"** and incorporated herein.
26  47.   Defendants continued to make phone calls to Plaintiff from **March 27, 2012** through
27        **May 19, 2012**, despite the fact that they received **five (5)** written Cease and Desist
28        Orders and **one (1)** verbal notice.

48.   Defendants frequently and repeatedly called Plaintiff **thirty-five (35)** days in a row from **April 13, 2012 through May 18, 2012** at home and at work.

49.   Defendants called an unreasonable number of times, of at least **five (5)** calls per day, on at least **two (2)** occasions on **April 26, 2012** and on **May 7, 2012.**

50.   Defendants continued to call in violation of the RFDCPA, FDCPA, and TCPA.

51.   The numerous communications evidence a pattern and practice wherein Defendants engaged in unlawful harassment and abuse to coerce payment.

52.   Defendants continued to call in violation of the TCPA.

53.   The unlawful contacts by Defendants can be summarized by the following chart:

## RFDCPA/TCPA Violations

### Shannon McDonald v. HSBC Bank USA, N.A.

#### Notices of Cease and Desist (See Exhibit "A")

| # | Date | Type | Notes |
|---|------|------|-------|
| 1 | 3/13/12 | Cease and Desist Letter | Initial Notice |
|   | 3/19/12 | Certified mail receipt confirms delivery | |
| 2 | 4/9/12 | Cease and Desist Letter | Second Notice |
|   | 4/30/12 | Certified mail receipt confirms delivery | |
| 2 | 5/7/12 | Verbal Notice of Attorney Representation | Third Notice |
| 3 | 5/9/12 | Cease and Desist Letter | Fourth Notice |
|   |   | Proof of Service confirms delivery | |
| 4 | 5/9/12 | Cease and Desist Letter | Fifth Notice |
|   |   | Proof of Service confirms delivery | |
| 5 | 5/9/12 | Cease and Desist Letter | Sixth Notice |
|   |   | Proof of Service confirms delivery | |

## Contact Violations

### List of Contact Violations (See Exhibit "B-D")

| # | Date | Type | Time | Source | Violation |
|---|------|------|------|--------|-----------|
| 1 | 3/27/2012 | Phone Call | 8:06 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 2 | 3/27/2012 | Phone Call | 10:33 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 3 | 3/27/2012 | Phone Cal | 2:13 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 4 | 3/27/2012 | Phone Call | 5:24 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 5 | 3/30/2012 | Phone Call | 8:05 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |

| 6 | 3/30/2012 | Phone Call | 10:30 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
|---|-----------|-----------|----------|----------------|-----------------------------------|
| 7 | 3/30/2012 | Phone Call | 3:00 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 8 | 4/2/2012 | Phone Cal | 8:04 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 9 | 4/2/2012 | Phone Cal | 10:29AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 10 | 4/2/2012 | Phone Cal | 2:13 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 11 | 4/2/2012 | Phone Cal | 2:58 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 12 | 4/2/2012 | Phone Call | 9:00 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 13 | 4/3/2012 | Phone Cal | 8:28 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 14 | 4/3/2012 | Phone Cal | 10:58 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 15 | 4/3/2012 | Phone Cal | 1:16 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 16 | 4/3/2012 | Phone Cal | 2:26 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 17 | 4/3/2012 | Phone Call | 8:54 PM | 1-800-864-8429 | Despite 1st Cease and Desist Order |
| 18 | 4/4/2012 | Phone Cal | 9:15 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 19 | 4/4/2012 | Phone Cal | 10:10 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 20 | 4/4/2012 | Phone Cal | 11:05 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 21 | 4/4/2012 | Phone Cal | 12:07 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 22 | 4/4/2012 | Phone Cal | 8:54 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 23 | 4/5/2012 | Phone Call | 8:35 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 24 | 4/5/2012 | Phone Cal | 10:10 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 25 | 4/5/2012 | Phone Call | 7:24 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 26 | 4/6/2012 | Phone Cal | 8:31 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 27 | 4/6/2012 | Phone Cal | 11:05 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |

| 28 | 4/6/2012 | Phone Cal | 4:11 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 29 | 4/6/2012 | Phone Call | 8:54 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 30 | 4/7/2012 | Phone Call | 8:15 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 31 | 4/7/2012 | Phone Call | 9:44 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 32 | 4/7/2012 | Phone Call | 12:17 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 33 | 4/9/2012 | Phone Cal | 8:31 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 34 | 4/9/2012 | Phone Cal | 12:10 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 35 | 4/9/2012 | Phone Call | 8:54 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 36 | 4/10/2012 | Phone Cal | 8:39 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 37 | 4/10/2012 | Phone Cal | 1:41 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 38 | 4/10/2012 | Phone Cal | 8:39 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 39 | 4/11/2012 | Phone Call | 8:40 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 40 | 4/11/2012 | Phone Call | 10:54 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 41 | 4/11/2012 | Phone Cal | 2:18 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 42 | 4/11/2012 | Phone Call | 7:28 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 43 | 4/12/2012 | Phone Cal | 8:43 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 44 | 4/12/2012 | Phone Cal | 2:19 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 45 | 4/12/2012 | Phone Cal | 4:03 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 46 | 4/12/2012 | Phone Cal | 8:01 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 47 | 4/12/2012 | Phone Cal | 8:40 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 48 | 4/13/2012 | Phone Cal | 8:35 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 49 | 4/13/2012 | Phone Cal | 11:13 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |

| 50 | 4/13/2012 | Phone Cal | 12:20 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
|----|-----------|-----------|----------|----------------|-------------------------------------|
| 51 | 4/13/2012 | Phone Call | 2:48 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 52 | 4/14/2012 | Phone Call | 8:28 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 53 | 4/14/2012 | Phone Cal | 9:23 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 54 | 4/14/2012 | Phone Cal | 9:57 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 55 | 4/14/2012 | Phone Call | 3:04 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 56 | 4/15/2012 | Phone Call | 8:32 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 57 | 4/15/2012 | Phone Cal | 8:42 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 58 | 4/15/2012 | Phone Call | 11:57 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 59 | 4/15/2012 | Phone Call | 1:21 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 60 | 4/15/2012 | Phone Call | 3:43 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 61 | 4/16/2012 | Phone Cal | 8:25 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 62 | 4/16/2012 | Phone Cal | 10:01 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 63 | 4/16/2012 | Phone Call | 7:09 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 64 | 4/16/2012 | Phone Call | 8:13 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 65 | 4/17/2012 | Phone Call | 11:30 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 66 | 4/17/2012 | Phone Call | 2:09 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 67 | 4/17/2012 | Phone Call | 4:45 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 68 | 4/18/2012 | Phone Call | 8:56AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 69 | 4/18/2012 | Phone Call | 1:56 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 70 | 4/18/2012 | Phone Call | 3:47 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 71 | 4/18/2012 | Phone Call | 7:34 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |

| 72 | 4/18/2012 | Phone Call | 8:26 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 73 | 4/19/2012 | Phone Call | 8:34 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 74 | 4/19/2012 | Phone Call | 12:38 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 75 | 4/19/2012 | Phone Call | 15:59 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 76 | 4/19/2012 | Phone Call | 7:56 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 77 | 4/20/2012 | Phone Call | 9:34 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 78 | 4/20/2012 | Phone Call | 12:33 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 79 | 4/20/2012 | Phone Call | 3:54 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 80 | 4/21/2012 | Phone Call | 8:34 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 81 | 4/21/2012 | Phone Call | 11:17 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 82 | 4/21/2012 | Phone Call | 4:05 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 83 | 4/22/2012 | Phone Call | 8:06 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 84 | 4/22/2012 | Phone Call | 9:12 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 85 | 4/22/2012 | Phone Call | 12:35 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 86 | 4/22/2012 | Phone Call | 6:51 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 87 | 4/23/2012 | Phone Call | 8:48 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 88 | 4/23/2012 | Phone Call | 3:37 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 89 | 4/23/2012 | Phone Call | 7:43 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 90 | 4/23/2012 | Phone Call | 8:25 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 91 | 4/24/2012 | Phone Call | 9:38 AM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 92 | 4/24/2012 | Phone Call | 3:16 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 93 | 4/24/2012 | Phone Call | 7:21 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |

| 94 | 4/24/2012 | Phone Call | 8:30 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
|---|---|---|---|---|---|
| 95 | 4/24/2012 | Phone Call | 8:48 PM | 1-800-684-8429 | Despite 1st Cease and Desist Order |
| 96 | 4/25/2012 | Phone Call | 8:39 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 97 | 4/25/2012 | Phone Call | 10:28 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 98 | 4/25/2012 | Phone Call | 1:40 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 99 | 4/25/2012 | Phone Call | 4:44 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 100 | 4/25/2012 | Phone Call | 7:42 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 101 | 4/25/2012 | Phone Call | 8:23 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 102 | 4/26/2012 | Phone Call | 8:44 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 103 | 4/26/2012 | Phone Call | 11:35 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 104 | 4/26/2012 | Phone Call | 2:45 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 105 | 4/26/2012 | Phone Call | 7:20 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 106 | 4/26/2012 | Phone Call | 8:11 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 107 | 4/26/2012 | Phone Call | 8:48 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 108 | 4/27/2012 | Phone Call | 8:25 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 109 | 4/27/2012 | Phone Call | 12:48 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 110 | 4/27/2012 | Phone Call | 6:05 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 111 | 4/28/2012 | Phone Call | 8:03 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 112 | 4/28/2012 | Phone Call | 9:28 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 113 | 4/28/2012 | Phone Call | 1:28 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 114 | 4/29/2012 | Phone Call | 8:38 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 115 | 4/29/2012 | Phone Call | 11:19 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |

COMPLAINT

| | | | | | |
|---|---|---|---|---|---|
| 116 | 4/29/2012 | Phone Call | 1:39 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 117 | 4/29/2012 | Phone Call | 4:37 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 118 | 4/29/2012 | Phone Call | 6:27 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 119 | 4/30/2012 | Phone Call | 8:54 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 120 | 4/30/2012 | Phone Call | 2:13 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 121 | 4/30/2012 | Phone Call | 7:12 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 122 | 4/30/2012 | Phone Call | 8:30 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 123 | 5/1/2012 | Phone Call | 8:44 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 124 | 5/1/2012 | Phone Call | 6:27 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 125 | 5/1/2012 | Phone Call | 7:00 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 126 | 5/1/2012 | Phone Call | 7:27 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 127 | 5/1/2012 | Phone Call | 8:14 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 128 | 5/2/2012 | Phone Call | 8:42 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 129 | 5/2/2012 | Phone Call | 4:12 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 130 | 5/2/2012 | Phone Call | 7:19 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 131 | 5/2/2012 | Phone Call | 7:56 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 132 | 5/2/2012 | Phone Call | 8:25 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 133 | 5/3/2012 | Phone Call | 8:30 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 134 | 5/3/2012 | Phone Call | 11:59 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 135 | 5/3/2012 | Phone Call | 1:43 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 136 | 5/3/2012 | Phone Call | 3:22 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 137 | 5/3/2012 | Phone Call | 7:35 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |

| 138 | 5/4/2012 | Phone Call | 8:01 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
|---|---|---|---|---|---|
| 139 | 5/4/2012 | Phone Call | 8:44 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 140 | 5/4/2012 | Phone Call | 1:24 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 141 | 5/4/2012 | Phone Call | 8:45 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 142 | 5/5/2012 | Phone Call | 8:17 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 143 | 5/5/2012 | Phone Call | 9:25 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 144 | 5/6/2012 | Phone Call | 8:29 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 145 | 5/6/2012 | Phone Call | 9:40 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 146 | 5/6/2012 | Phone Call | 1:14 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order |
| 147 | 5/7/2012 | Phone Call | 8:46 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 148 | 5/7/2012 | Phone Call | 12:25 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 149 | 5/7/2012 | Phone Call | 1:29 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 150 | 5/7/2012 | Phone Call | 2:12 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 151 | 5/7/2012 | Phone Call | 4:38 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 152 | 5/7/2012 | Phone Call | 8:45 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 153 | 5/8/2012 | Phone Call | 8:36 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 154 | 5/8/2012 | Phone Call | 11:50 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 155 | 5/8/2012 | Phone Call | 4:10 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 156 | 5/8/2012 | Phone Call | 8:47 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 157 | 5/9/2012 | Phone Call | 8:19 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 158 | 5/9/2012 | Phone Call | 9:15 AM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 159 | 5/9/2012 | Phone Call | 4:33 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |

| 160 | 5/9/2012 | Phone Call | 8:00 PM | 1-800-684-8429 | Despite 2nd Cease and Desist Order and Verbal Notice |
| 161 | 5/10/2012 | Phone Call | 8:05 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 162 | 5/10/2012 | Phone Call | 9:40 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 163 | 5/10/2012 | Phone Call | 3:35 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 164 | 5/10/2012 | Phone Call | 7:18 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 165 | 5/10/2012 | Phone Call | 8:22 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 166 | 5/11/2012 | Phone Call | 8:34 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 167 | 5/11/2012 | Phone Call | 11:11AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 168 | 5/11/2012 | Phone Call | 4:12 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 169 | 5/12/2012 | Phone Call | 8:09 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 170 | 5/12/2012 | Phone Call | 9:15 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 171 | 5/12/2012 | Phone Call | 4:13 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 172 | 5/13/2012 | Phone Call | 8:25 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 173 | 5/13/2012 | Phone Call | 10:27 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 174 | 5/13/2012 | Phone Call | 2:14 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 175 | 5/14/2012 | Phone Call | 8:27 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 176 | 5/14/2012 | Phone Call | 10:53 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 177 | 5/14/2012 | Phone Call | 3:22 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 178 | 5/14/2012 | Phone Call | 7:24 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 179 | 5/15/2012 | Phone Call | 8:26 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 180 | 5/15/2012 | Phone Call | 9:42 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 181 | 5/15/2012 | Phone Call | 3:28 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |

| 182 | 5/15/2012 | Phone Call | 7:12 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 183 | 5/15/2012 | Phone Call | 8:09 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 184 | 5/16/2012 | Phone Call | 8:10 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 185 | 5/16/2012 | Phone Call | 9:31 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 186 | 5/16/2012 | Phone Call | 7:29 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 187 | 5/16/2012 | Phone Call | 8:54 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 188 | 5/17/2012 | Phone Call | 8:29 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 189 | 5/17/2012 | Phone Call | 9:52 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 190 | 5/18/2012 | Phone Call | 8:16 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 191 | 5/18/2012 | Phone Call | 10:05 AM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |
| 192 | 5/18/2012 | Phone Call | 3:57 PM | 1-800-684-8429 | Despite 5 Cease and Desist Orders and Verbal Notice |

54. Plaintiff is informed and believes and based thereon alleges that the calls are continuing and that there are additional violations under Civil Code §1788.17 and , and that discovery will reveal further violations.

### DEFENDANTS Willfully and Knowingly Violated the RFDCPA:

55. As a "Debt Collector," Defendants and each of them are fully aware of California's debt collection laws, including the RFDCPA and the FDCPA to the extent incorporated therein.

56. Defendants and each of them are aware that full and complete compliance with the Truth in Lending Act ("TILA") may take place by communicating with Plaintiff's attorney, pursuant to the Official Staff Commentary on Regulation Z 226.2(a)(22)-2, as set forth above.

/ / /

/ / /

57.   There is no conflict of law between the RFDCPA and TILA since Defendants can comply with TILA by sending correspondence to Plaintiff's attorney, instead of Plaintiff.

58.   Defendants knew each of its harassing communications were willful and knowing violations of Title 1.6C of the California Civil Code §1788 *et seq.* and 15 U.S.C. §1692 *et seq.* as incorporated therein.

59.   Defendants' harassing communications, as set forth above, were willful and knowing violations of Title 1.6C of the California Civil Code §1788 *et seq.*, and 15 U.S.C. §1692 *et seq.* to the extent incorporated therein.

60.   Defendants' harassing communications, as set forth above, are part of an overall unlawful business pattern and practice whereby Defendants knowingly, willfully, and intentionally enterprised a profitable unlawful collection scheme to derive profits through the incomplete and inaccurate information and through harassing communications and intentional misinterpretation of TILA laws.

61.   Defendants rarely, if ever, are pursued or sued over such harassing communications, and reporting violations since very few debtors are aware that their rights are being violated, rarely have the financial resources to pursue such claims, and/or very few attorneys are willing to take on such cases.

62.   Defendants are highly motivated to continue their harassing communications since any payments made to resolve any judgments or settlements for such unlawful conduct are minuscule when compared to the overall profits generated from such unlawful conduct.

## DEFENDANTS Willfully and/or Knowingly Violated
## the Telephone Consumer Protection Act of 1991

63.   Plaintiff had a consumer credit card account that had originated with, was assigned to, and/or was serviced by Defendants.

64.   As a creditor, Defendants and each of them are fully aware of the TCPA and the regulations it provides.

65.  Plaintiff denies ever providing their cell phone and residential telephone numbers to Defendants with the express consent to be called by an "automatic telephone dialing system" or "artificial or prerecorded voice," or any other method.

66.  Plaintiff further demonstrated he did not consent to any such calls by mailing **five (5)** written cease and Desist Orders and **one (1)** verbal notice, as set forth above, instructing Defendants to immediately stop all further communications.

67.  Defendants knew each of its harassing communications were willful and knowing violations of 47 U.S.C. §227b(1)(A)(iii) and/or 47 U.S.C. §227b(1)(B).

68.  Defendants' harassing communications, as set forth above, are part of an overall business practice whereby Defendants knowingly, willfully, and intentionally use automated and prerecorded machines to place calls to consumers, which Congress has explicitly found to be a costly nuisance and an invasion of privacy to such individuals.

69.  Defendants willful and knowing violations of the TCPA undermine Congress' purpose and intent behind the Act. As Defendants are rarely ever sued successfully under the TCPA for such violations, Defendants have the incentive to continue their unlawful practices.

### PLAINTIFF  Suffered Damages as a Result of DEFENDANTS' Conduct

70.  As a direct result of Defendants' harassing communications. Plaintiff has incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, depression, humiliation, indignity, pain and suffering, and other injuries. Plaintiff, in receiving numerous phone calls, felt hopeless and felt there was no way out every time.

71.  Plaintiff was diagnosed with Hypertension. Plaintiff has since been prescribed medications to ease with the Hypertension, which was further exacerbated by the Defendants' incessant phone calls while Plaintiff was at work in a dangerous high risk position and at home attempting to relax.

/ / /

/ / /

72. Plaintiff has a history of multiple heart attacks. The increased stress the plaintiff experienced as a direct result of the Defendants' incessant and excessive phone calls had a negative impact on his overall health and well-being, resulting in an increased risk of, and susceptibility to, his previously established heart condition.

73. Plaintiff was diagnosed with hypertension and anxiety by his physician. Plaintiff has since been prescribed medications to ease the severe anxiety he has developed due to the harassment by the Defendants.

74. Plaintiff also suffers from debilitating insomnia, which has been exacerbated by the extraordinary amount of stress placed on the Plaintiff as a result of the numerous contacts from the Defendants.

75. Plaintiff uses his phone for business purposes. Defendants' incessant calling caused Plaintiff to be reprimanded by his boss. Plaintiff suffered further embarrassment and anxiety while Plaintiff's phone would continuously vibrate in his pocket due to Defendants' numerous calls.

76. Plaintiff works in an exceptionally dangerous and high risk job. Defendants' repeated calls to the Plaintiff during work hours negatively affected his ability to concentrate while on the job, increasing the risk of serious injury and/or death to himself and co-workers. Plaintiff gave verbal notice of attorney representation and to cease all communications on **May 7, 2012**. Plaintiff notified Defendants that their incessant phone calls caused him to be distracted while at work, increasing the risk of serious injury and/or death to himself and co-workers.

77. Plaintiff incurred out of pocket monetary damages when attorney fees and costs were paid to the DOAN LAW FIRM, LLP for services provided to protect Plaintiff under the RFDCPA, FDCPA, and TCPA, which ultimately failed.

78. Plaintiff incurred additional incidental actual damages including, but not limited to, gas and transportation costs traveling to the law firm, telephone call charges, postage, and other damages.

/ / /

79. Plaintiff continues to incur attorney fees and costs in filing this suit and bringing this matter to trial.

80. Defendants' conduct has caused Plaintiff unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by California Statute. Plaintiff has incurred mental and emotional distress, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, which will continue to trial.

## VII.
## TWELVE (12) CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA CIVIL CODE §1788.17
### (Under 15 U.S.C. §1692c(a)(2))

81. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

82. California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

>  *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

83. 15 U.S.C. §1692c(a)(2) as incorporated into §1788.17 the FDCPA provides:

>  *Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–*
>  *(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . .*

/ / /

84. Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into the RFDCPA since Defendants repeatedly and continuously called and harassed Plaintiff at least **one hundred ninety-two (192)** times, despite the fact that Plaintiff advised Defendants, in writing, to contact DOAN LAW FIRM, LLP regarding the alleged debt.

85. Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into RFDCPA, because they repeatedly contacted and harassed the Plaintiff after being directly notified, in writing and verbally, to cease and desist all further communication.

86. California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C §1692c(a)(2).

87. The foregoing violations of 15 U.S.C §1692c(a)(2) by Defendants resulted in separate violations of California Civil Code §1788.17.

88. California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692c(a)(2).

89. The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code§1788.30(b), and trigger **a penalty of up to $1,000.00.**

## SECOND CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA
### (Under 15 U.S.C. §1692c(a)(3)

90. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

91. California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

92.   15 U.S.C. § 1692c(a)(3) of the FDCPA provides:

   ". . . a debt collector may not communicate with a consumer in connection with
   the collection of any debt...at the consumer's place of employment if the debt
   collector knows or has reason to know that the consumer's employer prohibits
   the consumer from receiving such communication."

93.   Plaintiff sent HSBC **one (1)** written "Cease and Desist Order" dated **March 13, 2012** via
   Certified Mail on **March 15, 2012**. The returned Certified Mail Receipt indicates
   that said letter was received by HSBC on **March 19, 2012**. A true and correct copy
   of the **one (1)** Cease and Desist Order and the corresponding Certified Mail Receipt,
   are attached collectively hereto as **Exhibit "A"** and incorporated herein.

94.   Plaintiff sent **one (1)** additional written "Cease and Desist Order" dated **April 9, 2012**
   via Certified Mail. The returned Certified Mail Receipt indicates that said letter was
   received by HSBC on **April 30, 2012**. A true and correct copy of the **one (1)** Cease and
   Desist Order and the corresponding Certified Mail Receipt, are attached collectively
   hereto as **Exhibit "A"** and incorporated herein.

95.   In addition, Plaintiff gave verbal notice of attorney representation and to cease all
   communications on **May 7, 2012**.

96.   Further, DOAN LAW FIRM, LLP sent **three (3)** additional "Cease and Desist Orders"
   dated **May 9, 2012** via First Class Mail with Proofs of Service on **May 10, 2012**
   directing Defendants to cease all communications with Plaintiff.  True and correct
   copies of the **three (3)** Cease and Desist Orders and the corresponding Proofs of
   Service, are attached collectively hereto as **Exhibit "A"** and incorporated herein.

97.   Defendants violated 15 U.S.C. §1692c(a)(3), as incorporated into the RFDCPA, since
   Defendants repeatedly and continuously harassed Plaintiff at least **twenty-seven (27)**
   times at Plaintiff's place of work after being directly notified in writing of Plaintiff's
   bankruptcy.

///

///

98. Plaintiff was burdened with Defendants' harassment at his workplace. Defendants created an uncomfortable work environment that prevented Plaintiff from  properly completing his job. It also placed plaintiff in a position where there was a risk of injury to himself and others because he was distracted by the high volume of calls. Further, Plaintiff was in a constant state of fear the he would be reprimanded by his boss.

99. California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C. §1692c(a)(3).

100. The foregoing violations of 15 U.S.C. §1692c(a)(3) by Defendants resulted in separate violations of California Civil Code §1788.17.

101. California Civil Code § 1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. § 1692k for failing to comply with the provisions of 15 U.S.C. § 1692c(a)(3).

102. The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and trigger **a penalty of up to $1,000.00.**

### THIRD CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA

### (Under 15 U.S.C. §1692c(c))

103. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

104. California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

/ / /

/ / /

105.   15 U.S.C. §1692c(c) of the FDCPA provides:

> *If a consumer notifies a debt collector in writing that the consumer **refuses to** **pay** a debt or that the consumer wishes the debt collector to **cease further** **communication** with the consumer, the debt collector shall **not communicate** further with the consumer with respect to such debt.*

106.   Plaintiff sent HSBC **one (1)** written "Cease and Desist Order" dated **March 13, 2012** via Certified Mail on **March 15, 2012**. The returned Certified Mail Receipt indicates that said letter was received by HSBC on **March 19, 2012**. A true and correct copy of the **one (1)** Cease and Desist Order and the corresponding Certified Mail Receipt, are attached collectively hereto as **Exhibit "A"** and incorporated herein.

107.   Plaintiff sent **one (1)** additional written "Cease and Desist Order" dated **April 9, 2012** via Certified Mail. The returned Certified Mail Receipt indicates that said letter was received by HSBC on **April 30, 2012**. A true and correct copy of the **one (1)** Cease and Desist Order and the corresponding Certified Mail Receipt, are attached collectively hereto as **Exhibit "A"** and incorporated herein.

108.   In addition, Plaintiff gave verbal notice of attorney representation and to cease all communications on **May 7, 2012**.

109.   Further, DOAN LAW FIRM, LLP sent **three (3)** additional "Cease and Desist Orders" dated **May 9, 2012** via First Class Mail with Proofs of Service on **May 10, 2012** directing Defendants to cease all communications with Plaintiff.  True and correct copies of the **three (3)** Cease and Desist Orders and the corresponding Proofs of Service, are attached collectively hereto as **Exhibit "A"** and incorporated herein.

110.    Defendants violated 15 U.S.C. §1692c(c) as incorporated into the RFDCPA because Defendants repeatedly and continuously harassed Plaintiff at least **one hundred ninety-** **two (192)** times after being directly notified in writing, of Plaintiff's representation by Doan Law Firm and to stop calling.

/ / /

/ / /

111.  Defendants violated 15 U.S.C §1692c(c), as incorporated into the RFDCPA, because Defendants harassed Plaintiff after being directly notified to cease and desist all further communication.

112.  California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C. §1692c(c).

113.  The foregoing violations of 15 U.S.C. §1692c(c) by Defendants resulted in separate violations of California Civil Code §1788.17.

114.  California Civil Code Section 1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692c(c).

115.  The foregoing violations by Defendants were willful and knowing violations of Title 116.1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and trigger **a penalty of up to $1,000.00.**

## FOURTH CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA

### (Under 15 U.S.C. §1692d(5))

117.  Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

118.  California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

119.  15 U.S.C. §1692d(5) of the FDCPA provides:

> *A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing,*

1          *the following conduct is a violation of this section–*

2                  *(5) Causing a telephone to ring or engaging a person in telephone*

3                  *conversation repeatedly or continuously with the intent to annoy, abuse,*

4                  *or harass any person at the called number.*

5    120.   Defendants violated 15 U.S.C. §1692d(5), as incorporated into the RFDCPA, because

6          Defendants repeatedly and continuously contacted and harassed Plaintiff by telephone

7          and email at least **one hundred ninety-two (192)** times regarding the alleged debt.

8    121.   Defendants telephoned Plaintiff on a near-daily basis, including early morning and late

9          at night, and on most days, Defendants placed multiple unlawful telephone calls. By

10         way of example, Defendants called Plaintiff at least **three (3) times per day** on **March**

11         **27, 2012** at 8:06 am, 10:33 am, and 5:24 pm; **March 30, 2012** at 8:05 am, 10:31 am,

12         and 3:00 pm; **April 7, 2012** at 8:15 am, 9:45 am, and 12:17 pm; **April 11, 2012** at

13         8:41 am, 10:54 am, and 7:28 pm; **April 15, 2012** at 8:34 am, 11:57 am, 1:21 pm and

14         3:43 pm; **April 18, 2012** at 3:47 pm, 7:34 pm and 8:26 pm; **April 21, 2012** at 8:34

15         am, 11:17 am and 4:06 pm; **April 22, 2012** at 8:07 am, 9:12 am, 12:35 pm and 6:52

16         pm; **April 23, 2012** at 3:37 pm, 7:44 pm and 8:25 pm; **April 24, 2012** at 9:39 am,

17         7:21 pm, 8:04 pm and 8:48 pm; **April 25, 2012** at 8:40 am, 4:44pm, 7:43 pm and

18         8:24 pm; **April 26, 2012** at 8:43 am, 11:36 am, 2:46 pm, 7:20 pm, 8:11 pm and 8:49

19         pm; **April 28, 2012** at 8:03 am, 9:29 am and 1:28 pm; **April 29, 2012** at 8:39 am,

20         11;20 am, 1:40 pm and 6:28 pm; **April 30, 2012** at 2:13 pm, 4:20 pm and 7:12 pm;

21         **May 1, 2012** at 8:44 am, 6:27 pm, 7:00 pm and 8:14 pm; **May 3, 2012** at 11:59 am,

22         3:22 pm and 7;35 pm; **May 6, 2012** at 8:30 am, 9:40 am and 1:14 pm. This number

23         of calls demonstrates the high **volume** of contacts Defendants placed to Plaintiff.

24   122.   Defendants telephoned Plaintiff at least **one (1) times** per day **every single day between**

25         **April 13, 2012** and **May 18, 2012.** During that **thirty- five (35)** day span, Defendants

26         called **one hundred forty-three (143)** times, for an average of **over (2) times a day**.

27         This **high frequency** and intensity of calling shows the **pattern** of contacts Defendants

28         placed to Plaintiff.

123. Further, between **April 21, 2012** and **May 1, 2012**, Defendants contacted Plaintiff at least **three (3) times** every day, totaling **forty-seven (47)** times in **ten (10) days**.

124. California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C §1692d(5).

125. The foregoing violations of 15 U.S.C §1692d(5) by Defendants resulted in separate violations of California Civil Code Section §1788.17.

126. California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692d(5).

127. The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and trigger **a penalty of up to $1,000.00**.

## FIFTH CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA CIVIL CODE §1788.11(d)

128. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

129. California Civil Code Section 1788.11(d) provides in pertinent part:

> *No debt collector shall collect or attempt to collect a consumer debts by means of the following practices:*
>
> *(d) Causing a telephone to ring repeatedly or continuously to annoy the person called.*

130. Defendants violated California Civil Code §1788.11(d) because they repeatedly and continuously contacted and harassed Plaintiff by telephone at least **one hundred ninety-two (192)** times regarding the alleged debt.

131. Defendants telephoned Plaintiff on a daily basis, including early morning and late at night, and on most days, they placed multiple unlawful telephone calls. By way of example, Defendants called the Plaintiff at least **three (3) times per day** on **March 27,**

1    2012 at 8:06 am, 10:33 am, and 5:24 pm; March 30, 2012 at 8:05 am, 10:31 am, and

2    3:00 pm; April 7, 2012 at 8:15 am, 9:45 am, and 12:17 pm; April 11, 2012 at 8:41

3    am, 10:54 am, and 7:28 pm; April 15, 2012 at 8:34 am, 11:57 am, 1:21 pm and 3:43

4    pm; April 18, 2012 at 3:47 pm, 7:34 pm and 8:26 pm; April 21, 2012 at 8:34 am,

5    11:17 am and 4:06 pm; April 22, 2012 at 8:07 am, 9:12 am, 12:35 pm and 6:52 pm;

6    April 23, 2012 at 3:37 pm, 7:44 pm and 8:25 pm; April 24, 2012 at 9:39 am, 7:21

7    pm, 8:04 pm and 8:48 pm; April 25, 2012 at 8:40 am, 4:44pm, 7:43 pm and 8:24

8    pm; April 26, 2012 at 8:43 am, 11:36 am, 2:46 pm, 7:20 pm, 8:11 pm and 8:49 pm;

9    April 28, 2012 at 8:03 am, 9:29 am and 1:28 pm; April 29, 2012 at 8:39 am, 11;20

10   am, 1:40 pm and 6:28 pm; April 30, 2012 at 2:13 pm, 4:20 pm and 7:12 pm; May 1,

11   2012 at 8:44 am, 6:27 pm, 7:00 pm and 8:14 pm; May 3, 2012 at 11:59 am, 3:22 pm

12   and 7;35 pm; May 6, 2012 at 8:30 am, 9:40 am and 1:14 pm. This calling pattern

13   shows the **high volume** of calls Defendants placed to Plaintiff.

14   132.   Defendants telephoned Plaintiff at least <u>one (1) times</u> per day <u>every single day between</u>

15       **April 13, 2012** and **May 18, 2012.** During that **thirty-five (35)** day span, Defendants

16       called **one hundred forty-three (143)** times, for an average of <u>over two (2) times a</u>

17       <u>day</u>. This **high frequency** and intensity of calling shows the **pattern** of contacts

18       Defendants placed to Plaintiff.

19   133.   Further, between **April 21, 2012** and **May 1, 2012**, Defendants contacted Plaintiff at

20       least <u>three (3) times</u> every day, totaling **forty-seven (47)** times in **ten (10) days.**

21   134.   Plaintiff alleges that the frequent and persistent **unlawful telephone contacts** from

22       Defendants were made with the **intent to induce emotional distress to coerce payment**

23       on the alleged debt.

24   135.   The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of

25       the California Civil Code (RFDCPA), are sole and separate violations under California

26       Civil Code Section §1788.30(b), and trigger **a penalty of up to $1,000.00**.

27   / / /

28   / / /

1   **SIXTH CAUSE OF ACTION:**

2   <u>**VIOLATION OF CALIFORNIA CIVIL CODE §1788.11(e)**</u>

3   136.   Plaintiff realleges and incorporates by reference the above paragraphs as though set

4        forth fully herein.

5   137.   California Civil Code Section 1788.11(e) provides in pertinent part:

6        *No debt collector shall collect or attempt to collect a consumer debts by means*

7        *of the following practices:*

8        *(e) Communicating, by telephone or in person, with the debtor with such*

9        *frequency as to be unreasonable and to constitute harassment to the*

10        *debtor under the circumstances.*

11   138.   Defendants violated 15 U.S.C. §1788.11(e) as Defendants repeatedly and continuously

12        contacted and harassed Plaintiff by telephone and email at least **one hundred ninety-**

13        **two (192)** times regarding the alleged debt.

14   139.   Defendants telephoned Plaintiff on a daily basis, including early morning and late at

15        night, and on most days, they placed multiple unlawful telephone calls. By way of

16        example, Defendants called Plaintiff at least <u>**three (3) times per day**</u> on **March 27,**

17        **2012 at 8:06 am, 10:33 am, and 5:24 pm; March 30, 2012 at 8:05 am, 10:31 am, and**

18        **3:00 pm; April 7, 2012 at 8:15 am, 9:45 am, and 12:17 pm; April 11, 2012 at 8:41**

19        **am, 10:54 am, and 7:28 pm; April 15, 2012 at 8:34 am, 11:57 am, 1:21 pm and 3:43**

20        **pm; April 18, 2012 at 3:47 pm, 7:34 pm and 8:26 pm; April 21, 2012 at 8:34 am,**

21        **11:17 am and 4:06 pm; April 22, 2012 at 8:07 am, 9:12 am, 12:35 pm and 6:52 pm;**

22        **April 23, 2012 at 3:37 pm, 7:44 pm and 8:25 pm; April 24, 2012 at 9:39 am, 7:21**

23        **pm, 8:04 pm and 8:48 pm; April 25, 2012 at 8:40 am, 4:44pm, 7:43 pm and 8:24**

24        **pm; April 26, 2012 at 8:43 am, 11:36 am, 2:46 pm, 7:20 pm, 8:11 pm and 8:49 pm;**

25        **April 28, 2012 at 8:03 am, 9:29 am and 1:28 pm; April 29, 2012 at 8:39 am, 11;20**

26        **am, 1:40 pm and 6:28 pm; April 30, 2012 at 2:13 pm, 4:20 pm and 7:12 pm; May 1,**

27        **2012 at 8:44 am, 6:27 pm, 7:00 pm and 8:14 pm; May 3, 2012 at 11:59 am, 3:22 pm**

28        **and 7;35 pm; May 6, 2012 at 8:30 am, 9:40 am and 1:14 pm.** This calling pattern

1    shows the **high volume** of calls Defendants placed to Plaintiff.

2    140.   Defendants telephoned Plaintiff at least <u>one (1) times</u> per day <u>every single day between</u>

3    <u>April 13, 2012</u> and **May 18, 2012**. During that **thirty-five (35) day** span, Defendants

4    called **one hundred forty-three (143)** times, for an average of <u>over two (2) times a</u>

5    <u>day</u>. This **high frequency** and intensity of calling shows the **pattern** of contacts

6    Defendants placed to Plaintiff. .

7    141.   Further, between **April 21, 2012** and **May 1, 2012**, Defendants contacted Plaintiff at

8    least <u>three (3) times</u> every day, totaling **forty-seven (47)** times in **ten (10) days**.

9    142.   Plaintiff alleges that the frequent and persistent unlawful telephone contacts are **highly**

10   **unreasonable** and **constitute harassment** under California Civil Code §1788.11(e).

11   143.   The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of

12   the California Civil Code (RFDCPA), are sole and separate violations under California

13   Civil Code Section §1788.30(b). and trigger **a penalty of up to $1,000.00.**

14

15                        SEVENTH CAUSE OF ACTION

16              <u>VIOLATION OF CALIFORNIA CIVIL CODE §1788.12(a)</u>

17   144.   Plaintiff realleges and incorporates by reference the above paragraphs as though set

18   forth fully herein.

19   145.   California Civil Code Section 1788.12(a) provides:

20          *No debt collector shall collect or attempt to collect a consumer debt by means of*

21          *the following practices:*

22                 *(a) Communicating with the debtor's employer regarding the debtor's*

23                 *consumer debt unless such a communication is necessary to the*

24                 *collection of the debt, or unless the debtor or his attorney has consented*

25                 *in writing to such communication.*

26   146.   Defendants violated California Civil Code Section §1788.12(a) since Defendants

27   contacted Plaintiff at work on **March 27, 2012 at 8:06 am and 10:33 am; March 30,**

28   **2012 at 8:05 am, 10:31 am and 3:00 pm; April 5, 2012 at 8:36 am; April 7, 2012 at**

8:15 am, 9:45 am and 12:17 pm; April 11, 2012 at 8:41 am and 10:54 am; April 13, 2012 at 2:48 pm; April 14, 2012 at 8:29 am and 3:04 pm; April 15, 2012 at 8:34am, 11:57 am, 1:21 pm and 3:43 pm; April 17, 2012 at 11:31 am; April 18, 2012 at 3:47 pm; April 20, 2012 at 3:54 pm; April 21, 2012 at 8:34 am and 11:17 am; April 22, 2012 at 8:07 am, 9:12 am, 12:35 pm; April 23, 2012 at 3:37 pm; April 24, 2012 at 9:39 am; April 26, 2012 at 8:43 am, 11:36 am and 2:46 pm; April 28, 2012 at 8:03 am, 9:29 am and 1:28 pm; April 29, 2012 at 8:39 am, 11:20 am and 1:40 pm; April 30, 2012 at 2:13 pm; May 1, 2012 at 8:44 am; May 3, 2012 at 11:59 am and 3:22 pm; May 5, 2012 at 8:18 am and 9:26 am; May 6, 2012 at 8:30 am, 9:40 am and 1:14 pm; May 7, 2012 at 8:46 am, 12:25 pm, 1:29 pm and 2:12 pm; May 11, 2012 at 8:35 am; and May 17, 2012 at 8:29 am and 9:52 am.

147.   The exception of being necessary to the collection of the debt does not apply in this case because Defendants had been informed of attorney representation by DOAN LAW FIRM, LLP and change of billing address through Plaintiff sent HSBC **one (1)** written "Cease and Desist Order" dated **March 13, 2012** via Certified Mail on **March 15, 2012.** The returned Certified Mail Receipt indicates that said letter was received by HSBC on **March 19, 2012.** A true and correct copy of the **one** (1) Cease and Desist Order and the corresponding Certified Mail Receipt, are attached collectively hereto as **Exhibit "A"** and incorporated herein.

148.   Plaintiff sent **one (1)** additional written "Cease and Desist Order" dated **April 9, 2012** via Certified Mail. The returned Certified Mail Receipt indicates that said letter was received by HSBC on **April 30, 2012.** A true and correct copy of the **one (1)** Cease and Desist Order and the corresponding Certified Mail Receipt, are attached collectively hereto as **Exhibit "A"** and incorporated herein.

149.   In addition, Plaintiff gave verbal notice of attorney representation and to cease all communications on **May 7, 2012.**

///
///

150.  Further, DOAN LAW FIRM, LLP sent **three (3)** additional "Cease and Desist Orders" dated **May 9, 2012** via First Class Mail with Proofs of Service on **May 10, 2012** directing Defendants to cease all communications with Plaintiff. True and correct copies of the **three (3)** Cease and Desist Orders and the corresponding Proofs of Service, are attached collectively hereto as **Exhibit "A"** and incorporated herein.

151.  When the Plaintiff retained the services of DOAN LAW FIRM, LLP on **March 10, 2012**, DOAN LAW FIRM, LLP became the new point of contact for all creditors, including the Defendants.

152.  DOAN LAW FIRM stated it would act as the new billing address in the aforementioned written Cease  and Desist Orders sent:

> *"Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at **2850 Pio Pico Drive,   Suite D,  Carlsbad, CA 92008.**"*

153.  Despite receiving notice of the Plaintiff's change of address to DOAN LAW FIRM, LLP on **March 19, 2012** and **May 10, 2012**, the Defendants still proceeded to contact Plaintiff's work on **March 27, 2012** at 8:06 am and 10:33 am; **March 30, 2012** at 8:05 am, 10:31 am and 3:00 pm; **April 5, 2012** at 8:36 am; **April 7, 2012** at 8:15 am, 9:45 am and 12:17 pm; **April 11, 2012** at 8:41 am and 10:54 am; **April 13, 2012** at 2:48 pm; **April 14, 2012** at 8:29 am and 3:04 pm; **April 15, 2012** at 8:34am, 11:57 am, 1:21 pm and 3:43 pm; **April 17, 2012** at 11:31 am; **April 18, 2012** at 3:47 pm; **April 20, 2012** at 3:54 pm; **April 21, 2012** at 8:34 am and 11:17 am; **April 22, 2012** at 8:07 am, 9:12 am, 12:35 pm; **April 23, 2012** at 3:37 pm; **April 24, 2012** at 9:39 am; **April 26, 2012** at 8:43 am, 11:36 am and 2:46 pm; **April 28, 2012** at 8:03 am, 9:29 am and 1:28 pm; **April 29, 2012** at 8:39 am, 11:20 am and 1:40 pm; **April 30, 2012** at 2:13 pm; **May 1, 2012** at 8:44 am; **May 3, 2012** at 11:59 am and 3:22 pm; **May 5, 2012** at 8:18 am and 9:26 am; **May 6, 2012** at 8:30 am, 9:40 am and 1:14 pm; **May 7, 2012** at 8:46 am, 12:25 pm, 1:29 pm and 2:12 pm; **May 11, 2012** at 8:35 am; and **May 17, 2012** at 8:29 am and 9:52 am. .

1   154.  Plaintiff and DOAN LAW FIRM, LLP did not did not consent in writing to such a

2         communication.

3   155.  The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of

4         the California Civil Code (RFDCPA), are sole and separate violations under California

5         Civil Code Section §1788.30(b), and trigger **penalty of up to $1,000.00.**

6

7                         **EIGHTH CAUSE OF ACTION:**

8               **<u>VIOLATION OF §1788.14(c) of the RFDCPA</u>**

9   156.  Plaintiff realleges and incorporates by reference the above paragraphs as though set forth

10        fully herein.

11   157.  California Civil Code Section 1788.14(c) provides in pertinent part:

12              *No debt collector shall collect or attempt to collect a consumer debts by means of*

13              *the following:*

14                   *(c) **Initiating communications**, other than statements of account, with the*

15                   *debtor with regard to the consumer debt, when the debt collector has been*

16                   *previously **notified in writing by the debtor's attorney that the debtor is***

17                   ***represented by such attorney** with respect to the consumer debt and such*

18                   *notice includes the attorney's name and address and a request by such*

19                   *attorney that all communications regarding the consumer debt be*

20                   *addressed to such attorney . . .*

21   158.  Defendants violated California Civil Code Section §1788.14(c), because Defendants

22         repeatedly contacted and harassed Plaintiff by calling **one hundred ninety-two (192)**

23         times after being directly notified in writing of attorney representation concerning the

24         debt.

25   159.  The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of

26         the California Civil Code (RFDCPA), are sole and separate violations under California

27         Civil Code Section §1788.30(b), and trigger **a penalty of up to $1,000.00.**

28

# NINTH CAUSE OF ACTION:

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 et seq.

160.   Plaintiff realleges and incorporate by reference the above paragraphs as though set forth fully herein.

161.   Telephone Consumer Protection Act of 1991, 47 U.S.C. §227(b)(1)(A)(iii) and (B) provides in pertinent part:

> *(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States -*
>
> > *(A) to make any call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -*
> >
> > . . .
> >
> > > *(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.*
> >
> > *(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message . . .*

162.   Defendants violated 47 U.S.C. §227 et seq. since Defendants called and harassed Plaintiff at least **one hundred ninety-two (192)** times using an "automated telephone dialing system," as that term is defined by 47 U.S.C. §227a(1).  True and correct copies of the telephone records and "Unlawful Communications Log" are attached collectively hereto as **Exhibit "B-D,"** respectively,  and are incorporated herein.

163.   Plaintiff is informed and believes, and based thereon allege, that discovery will reveal further violations.

164.   During these telephone calls, Defendants used "an artificial or prerecorded voice," as prohibited by 47 U.S.C. §227b(1)(A) and (B).

165. Defendants placed these calls to a telephone number assigned to a residential telephone line and cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to 47 U.S.C. §227b(1)(A) and (B).

166. These telephone calls were not placed by Defendants for emergency purposes, within the meaning of 47 U.S.C. §227b(1)(A) and (B).

167. Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff' residential and cellular phone placed by an "automatic telephone dialing system" or utilizing an "artificial or prerecorded voice," within the meaning of 47 U.S.C. §227b(1)(A) and (B).

168. In the event Defendants allege they obtained the prior express consent of Plaintiff to receive such automated calls, Plaintiff **expressly and explicitly revoked any such consent** in writing and verbally when Plaintiff sent **five (5)** "Cease and Desist Orders" and **one (1)** separate verbal notice stating to stop such repetitive and harassing calls. True and correct copies of the Cease and Desist Orders and their corresponding certified mail receipts and Proofs of Service are attached collectively hereto as **Exhibit "A"** and incorporated herein.

169. Under the TCPA and pursuant to the FCC's Declaratory Ruling, the burden is on Defendants to demonstrate Plaintiff provided express consent within the meaning of the statute. Defendants have failed to meet their burden since no written express consent exists. In the alternative, even if Defendants allege such initial consent existed at a prior time, Defendants have failed to meet their burden once the cease and desist letters expressly and explicitly revoked any such consent in writing.

170. Defendants' calls do not fall within any exception by rule or order of the Commission, as provided by 47 U.S.C. §227b(B).

171. The foregoing violations of 47 U.S.C. §227b(1) by Defendants trigger a recovery of **$500 in statutory damages** for **each and every call** in violation of the statute, pursuant to 47 U.S.C. §227b(3).

1

## TENTH CAUSE OF ACTION:

2

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER

3

## PROTECTION ACT 47 U.S.C. §227 et seq.

4   172.   Plaintiff realleged and incorporate by reference the above paragraphs as though set forth

5           fully herein.

6   173.   Telephone Consumer Protection Act of 1991, 47 U.S.C. §227(b)(1)(A)(iii) provides in

7           pertinent part:

8                    *(1) It shall be unlawful for any person within the United States, or any person*

9                    *outside the United States if the recipient is within the United States -*

10                           *(A) to make any call (other than a call made for emergency purpose or*

11                           *made with the prior express consent of the called party) using any*

12                           *automatic telephone dialing system or an artificial or prerecorded voice -*

13                                  *. . .*

14                                  *(iii) to any telephone number assigned to a paging service, cellular*

15                                  *telephone service, specialized mobile radio service, or other radio*

16                                  *common carrier service, or any service for which the called party*

17                                  *is charged for the call.*

18   174.   Defendants violated 47 U.S.C. §227b(1)(A) since Defendants knowingly and willingly

19           called and harassed Plaintiff at least **one hundred ninety-two (192)** times using an

20           "automated telephone dialing system," as that term is defined by 47 U.S.C. §227a(1).

21           True and correct copies of the telephone records and "Unlawful Communications Log"

22           are attached collectively hereto as **Exhibit "B-D,"** respectively, and are incorporated

23           herein.

24   175.   Plaintiff are informed and believe, and based thereon allege, that discovery will reveal

25           further violations.

26   176.   During these telephone calls, Defendants knowingly and willingly used "an artificial or

27           prerecorded voice," as prohibited by 47 U.S.C. §227b(1)(A).

28   ///

177. Defendants knowingly and willingly placed these calls to a residential telephone line and/or cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to 47 U.S.C. §227b(1)(A) and (B).

178. These telephone calls were not placed by Defendant for emergency purposes as defined by 47 U.S.C. §227b(1)(A)(I).

179. Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff residential and/or cellular phone placed by an "automatic telephone dialing system" or utilizing an "artificial or prerecorded voice," within the meaning of 47 U.S.C. §227b(1)(A) and (B).

180. In the event Defendants allege they obtained the prior express consent of Plaintiff to receive such automated calls, Plaintiff **expressly and explicitly revoked any such consent** in writing and verbally when Plaintiff sent **five (5)** "Cease and Desist Orders" and **one (1)** separate verbal notice stating to stop such repetitive and harassing calls. True and correct copies of the Cease and Desist Orders and their corresponding certified mail receipts and Proofs of Service are attached collectively hereto as **Exhibit "A"** and incorporated herein.

181. Under the TCPA and pursuant to the FCC's Declaratory Ruling, the burden is on Defendants to demonstrate Plaintiff provided express consent within the meaning of the statute. Defendants have failed to meet their burden since no written express consent exists. In the alternative, even if Defendants allege such initial consent existed at a prior time, Defendants have failed to meet their burden once the cease and desist letters expressly and explicitly revoked any such consent in writing.

182. Defendants' calls do not fall within any exception by rule or order of the Commission, as provided by 47 U.S.C. §227b(B).

183. The foregoing violations of 47 U.S.C. §227b(1) by Defendants were knowing and/or willful, which entitle Plaintiff to **treble damages of up to $1,500** for **each and every call** in violation of the statute, pursuant to 47 U.S.C. §227b(3).

## ELEVENTH CAUSE OF ACTION:

## INVASION OF PRIVACY (INTRUSION UPON SECLUSION)

184.   Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

### Defendants Intruded Upon Plaintiff' Privacy

185.   Plaintiff has an objectively reasonable expectation of privacy in the interior of his own home and at work such that Defendants would not continue to communicate and harass Plaintiff and engage in unlawful, intrusive, and abusive telephone calls in an effort to collect a debt after Defendants received verbal notice of attorney representation and have documented receipt of **two (2)** Cease and Desist Orders from Plaintiff.

186.   Defendants intentionally intruded on Plaintiff's privacy by, among other things, continuing to communicate with Plaintiff at home and at work, after receiving **five (5)** written Cease and Desist Orders and **one (1)** verbal notice, and unlawfully and intentionally continued to communicate with Plaintiff at least **one hundred ninety-two** **(192)** times, calling for over **eight (8)** weeks, and repeatedly harassing Plaintiff, even though Defendants knew that Plaintiff was represented by DOAN LAW FIRM, LLP.

187.   Plaintiff works in an exceptionally dangerous and high risk job. Defendants' repeated calls to the Plaintiff during work hours negatively affected his ability to concentrate while on the job, increasing the risk of serious injury and/or death to himself and co-workers. Plaintiff gave verbal notice of attorney representation and to cease all communications on **May 7, 2012.** Plaintiff notified Defendants that their incessant phone calls caused him to be distracted while at work, increasing the risk of serious injury and/or death to himself and co-workers.

188.   Plaintiff never consented to Defendants' intrusion and specifically ordered them to stop any and all communications regardless of the form thereof. Nevertheless, Defendants wholly and completely disregarded the notice provided by Plaintiff.

/ / /

/ / /

189. One's family residence is a legally recognized place where one's solitude and seclusion will not be violated. Schulman v. Group W Productions. Inc., 18 Cal.4th 200, 230-31 (1998).

### Defendants' Conduct was Highly Offensive

190. Defendants telephoned Plaintiff on a daily basis, including early morning, late at night, and even at work. Most days there were multiple calls. By way of example, Defendants placed at least **four (4) calls on April 15, 2012, April 22, 2012, April 24, 2012, April 25, 2012, April 29, 2012, May 1, 2012, five (5) calls on May 7, 2012, and six (6) calls on April 26, 2012.**

191. Defendant called **almost every hour**. On **April 26, 2012,** Defendants called at **8:43 am, 11:36 am, 2:46 pm, 7:20 pm, 8:11 pm and 8:49 pm..**

192. Defendant called **almost every hour**. On **May 7, 2012,** Defendants called at **8:46 am, 12:25 pm, 1:29 pm, 2:12 pm and 4:38 pm.**

193. In effect, Plaintiff was under continued surveillance and assaulted by Defendants' unwavering calls and the constant ringing of the phone.

194. Plaintiff is informed and believes, and based thereon alleges, that discovery will reveal further violations.

195. The volume of **forty-seven (47)** phone calls in the span of **ten (10)** consecutive calendar days demonstrate Defendants' intent to harass the Plaintiff and coerce Plaintiff into paying money on a debt Defendants knew to be disputed. This pattern and volume of calling would be considered **highly offensive** to a reasonable person and is an overly intrusive business practice.

196. The FDCA and RFDCPA, under 15 U.S.C. § 1692d(6) and Cal. Civ. Code § 1788.11(d), provide that "causing the phone to ring repeatedly or <u>continuously</u> to annoy the person called" is abusive and harassing to a reasonable person. A reasonable person would be offended if they were to be called nearly every hour in the pattern alleged herein. Fausto v. Credigy, 598 F. Supp. 2d 1049, 1056 (W.D. Cal. 2009).

/ / /

197.   Defendants called frequently to annoy and harass Plaintiff at his home and work.  There is no reason for Defendants to call Plaintiff when Defendants could have simply called DOAN LAW FIRM.  Thus, Defendants clearly had a far less intrusive means to collect on this account and Defendants clearly continued to harass and annoy Plaintiff without any legitimate justification for this barrage of calls.

198.   Defendants' cavalier conduct demonstrated complete disregard for Plaintiff's autonomy, dignity, and serenity in his home and work.  Defendants' conduct has caused Plaintiff unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by the California Statute. Plaintiff has incurred mental and emotional distress, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, which will continue to trial.

199.   Courts have held that repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion. Fausto v. Credigy, 598 F. Supp. 2d 1049, 1056 (N.D. CA 2009) (citing to Panahiasl v. Gurney, 2007 U.S. Dist. Lexis 17269 and Joseph v. JJ. MacIntryre LLC, 238 F. Supp. 2d 1158, 1169 (N.D. Cal. 2002)).

200.   These intrusions as against Plaintiff by Defendants in incessantly and repeatedly making multiple telephone calls to Plaintiff were intense and occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

201.   Defendants' conduct was particularly offensive since Plaintiff has a medical history of high blood pressure and multiple heart attacks; conditions which were greatly exacerbated by the increased stress he experienced as a direct result of the incessant and overt harassment on the part of the Defendants.

202.   Plaintiff was diagnosed with Hypertension.  Plaintiff has since been prescribed medications to ease with the Hypertension, which was further exacerbated by the Defendants' incessant phone calls while Plaintiff was at work in a dangerous high risk position and at home attempting to relax.

///

///

203.  Plaintiff has a history of multiple heart attacks. The increased stress the plaintiff experienced as a direct result of the Defendants' incessant and excessive phone calls had a negative impact on his overall health and well-being, resulting in an increased risk of, and susceptibility to, his previously established heart condition.

204.  Plaintiff was diagnosed with hypertension and anxiety by his physician. Plaintiff has since been prescribed medications to ease the severe anxiety he has developed due to the harassment by the Defendants.

205.  Plaintiff also suffers from debilitating insomnia, which has been exacerbated by the extraordinary amount of stress placed on the Plaintiff as a result of the numerous contacts from the Defendants.

206.  Plaintiff uses his phone for business purposes. Defendants' incessant calling caused Plaintiff to be reprimanded by his boss. Plaintiff suffered further embarrassment and anxiety while Plaintiff's phone would continuously vibrate in his pocket due to Defendants' numerous calls.

207.  Plaintiff works in an exceptionally dangerous and high risk job. Defendants' repeated calls to the Plaintiff during work hours negatively affected his ability to concentrate while on the job, increasing the risk of serious injury and/or death to himself and co-workers. Plaintiff gave verbal notice of attorney representation and to cease all communications on **May 7, 2012**. Plaintiff notified Defendants that their incessant phone calls caused him to be distracted while at work, increasing the risk of serious injury and/or death to himself and co-workers.

208.  Defendants continuously called Plaintiff's cell phone. Due to the fact that Plaintiff is obligated to answer his phone by his employer, **there was no escape from Defendants repeated calls**. Each call from Defendants invaded Plaintiff's physical and sensory privacy each time the phone rang. Plaintiff, and any reasonable person, would find that the calling pattern of the Defendants was highly annoying and offensive.

///

///

209.  Defendants' intrusions against Plaintiff occurred after Defendants knew Plaintiff was represented by DOAN LAW FIRM, LLP and fact that said attorneys would sue Defendants for such mean-spirited conduct if it continued, shows the audacity and scorched Earth tactics that Defendants would employ at a "stop for nothing" attitude.

210.  As a result of such invasions of privacy, Plaintiff is entitled to actual damages in amount to be determined according to proof.

211.  Defendants also acted with such oppression, fraud, and/or malice, that Plaintiff is also entitled to punitive damages in an amount according to proof.

## TWELFTH CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

212.  Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

213.  Defendants' conduct was outrageous and extreme as evidenced by these facts:

    (a)    Defendants contacted Plaintiff **one hundred ninety-two (192)** times;

    (b)    Defendants called multiple times a day, sometimes making (5) to (6) calls in a single day; and

    (c)    Defendants contacted Plaintiff everyday for **thirty-five (35)** consecutive days from **April 13, 2012** to **May 18, 2012**. During that **thirty-five (35)** day span, Defendants called **one hundred forty-three (143)** times, for an average of <u>over two (2) times a day</u>

214.  Defendants' conduct was intentional, as evidenced by, among other things, continuing to communicate with Plaintiff at home and at work after **one (1)** verbal notice and after receiving **five (5)** written Cease and Desist Orders attached as **Exhibits "A"** hereto. Defendants unlawfully and intentionally communicated with Plaintiff at least **one hundred ninety-two (192)** times even though Defendants knew that Plaintiff was represented by DOAN LAW FIRM, LLP.

///

215.   Defendants called frequently to annoy and harass Plaintiff at his home and work. **There was no reprieve from Defendants repeated calls**.

216.   These actions are in direct violation of the RFDCPA, FDCPA, TCPA. All of these actions by Defendants clearly demonstrated reckless disregard for Plaintiff and his emotional well being.

217.   Plaintiff was diagnosed with Hypertension. Plaintiff has since been prescribed medications to ease with the Hypertension, which was further exacerbated by the Defendants' incessant phone calls while Plaintiff was at work in a dangerous high risk position and at home attempting to relax.

218.   Plaintiff has a history of multiple heart attacks. The increased stress the plaintiff experienced as a direct result of the Defendants' incessant and excessive phone calls had a negative impact on his overall health and well-being, resulting in an increased risk of, and susceptibility to, his previously established heart condition.

219.   Plaintiff was diagnosed with hypertension and anxiety by his physician. Plaintiff has since been prescribed medications to ease the severe anxiety he has developed due to the harassment by the Defendants.

220.   Plaintiff also suffers from debilitating insomnia, which has been exacerbated by the extraordinary amount of stress placed on the Plaintiff as a result of the numerous contacts from the Defendants.

221.   Plaintiff uses his phone for business purposes. Defendants' incessant calling caused Plaintiff to be reprimanded by his boss. Plaintiff suffered further embarrassment and anxiety while Plaintiff's phone would continuously vibrate in his pocket due to Defendants' numerous calls.

222.   Plaintiff works in an exceptionally dangerous and high risk job. Defendants' repeated calls to the Plaintiff during work hours negatively affected his ability to concentrate while on the job, increasing the risk of serious injury and/or death to himself and co-workers. Plaintiff gave verbal notice of attorney representation and to cease all communications on **May 7, 2012**. Plaintiff notified Defendants that their incessant phone

1   calls caused him to be distracted while at work, increasing the risk of serious injury

2   and/or death to himself and co-workers.

3   223.   Defendants' outrageous actions against Plaintiff occurred <u>after</u> Defendants knew Plaintiff

4   was represented by DOAN LAW FIRM, LLP and in fact that said attorneys would sue

5   Defendants for such conduct if it continued, shows the audacity and scorched Earth

6   tactics that Defendants would employ at a "stop for nothing" attitude.

7   224.   As a result of such intentional infliction of emotional distress, Plaintiff is entitled to

8   actual damages in amount to be determined according to proof.

9   225.   Defendants also acted with such oppression, fraud, and/or malice, that Plaintiff is also

10   entitled to punitive damages in an amount according to proof.

11

12   VIII.

13   **PRAYERS FOR RELIEF**

14   WHEREFORE, Plaintiff having set forth the claims for relief against Defendants, respectfully

15   prays this Court grant relief in the amount of **$313,482.00** monetary damages (Actual Damages

16   of at least **$13,482.**00, **Statutory Penalties of $290,000.00**, **Punitive Damages** of at least

17   **$10,000.00, Attorney Fees and Costs** according to proof, **Injunctive Relief**, and **Declaratory**

18   **Relief**).

19   Such relief is reasonably justified under the circumstances, and is more specifically

20   broken down as follows:

21   A.   **Actual Economic Damages** totaling at least **$1,482.00**, consisting of **$467.00**

22   **attorney fees** previously paid to DOAN LAW FIRM, LLP to end the harassment,

23   and **$15.00** in transportation, gasoline, telephone call charges, and postage,

24   pursuant to California Civil Code §1788.30(a); **$1,000.00 Additional Damages**

25   pursuant to California Civil Code §1788.17 incorporating 15 U.S.C. §1692k; and

26   other economic damages accruing prior to the Order for Bankruptcy Relief;

27   B.   **Actual Non-Economic Damages** of **at least $12,000.00** pursuant to California

28   Civil Code §1788.30(a) for mental and emotional distress, anxiety, fear,

embarrassment, distractions at place of work, and other injuries;

C.  **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692c(a)(2));

D.  **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692c(a)(3));

E.  **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692c(a)(3));

F.  **Statutory Penalties of at least $1,000.00** against Defendants arising fro violations of Civil Code §1788.17 (under 15 U.S.C. §1692c(c));

G.  **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692d(5));

H.  **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.11(d);

I.  **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.11(e);

J.  **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.12(a);

K.  **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.14(c);

L.  **Statutory Penalties of at least $1,500.00** as against Defendants arising for **each and every** violation of 47 U.S.C. §227(b)(1) pursuant to 47 U.S.C. §227(b)(3)(B);

M.  **Alternatively,** if the Court finds Plaintiffs are not entitled to statutory penalties of $1,500.00 for each violation of 47 U.S.C. §227(b)(1), Plaintiffs request **Statutory Penalties of up to $500.00** as against Defendants arising for **each and every** violation of 47 U.S.C. §227(b)(1) pursuant to 47 U.S.C. §227(b)(3)(C), and as further proof may reveal;

N.  **Punitive damages of at least $10,000** based on Defendants' Invasion of Privacy *and* Intentional Infliction of Emotional Distress;

M.   **Costs of Litigation** and reasonable **Attorney's Fees** against Defendants pursuant to California Civil Code §§1788.14, 1788.17, and Cal. Code Civ. Proc. §1021.5.

O.   **Injunctive Relief** against Defendants, restraining them from any further contact with Plaintiff and from reporting incomplete and inaccurate information to credit reporting agencies;

P.   **Declaratory Relief** against Defendants, declaring their practices of communicating with and harassing Plaintiff was in violation of California Civil Code Section §§1788.14, and 1788.17; and

Q.   Such **other and further relief** as the Court may deem just and proper.

Respectfully submitted,

**DOAN LAW FIRM, LLP**

Dated: January 15, 2013

By _____
Karen S. Spicker, Esq
Attorney for Plaintiff
SHANNON MCDONALD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "A"

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
www.DoanLaw.com

March 13, 2012

**CEASE AND DESIST ORDER PER CC 1788.17 WITH
BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA**

Hsbc/Ymaha
90 Christiana Road
New Castle, DE 19720

Re:     Debtor(s):        Shannon McDonald
        Soc Sec No:       xxx-xx-9351
        Account No:       xxxxxx-xxxxxx5487 and any other accounts related to the Debtor(s)
        Amount:           $1,837.00

To Whom It May Concern:

Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief. Accordingly, whether you are a collection agent or the original creditor, **California Civil Code Section 1788.17 via 15 U.S.C. 1692** requires you **cease and desist any and all future communications** on any and all **accounts** associated with the above referenced debtor(s). Such notice to cease and desist must be given and transferred from creditor to any debt collector, or any other party that is creditor's successors-in-interest, agents, or any other third party, and such subsequent parties shall thereby be **deemed** to have received such notice. This letter **revokes** all prior business relationships as defined by **The Telephone Consumer Protection Act 47 U.S.C. 227 (a)(2)** by and between any of the original parties involved in this matter, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for the calling my clients is expressly **revoked.** Therefore, any future phone calls to the above debtor(s) using an automated telephone dialing system will result in violation of **The Telephone Consumer Protection Act 47 U.S.C. 227 (b)(1)(A).** Please also take all measures to check and comply with the **National Do Not Call Registry,** and do not call my client in violation thereof. Further, you are **specifically prohibited** from calling my clients at **any** time, including, but not limited to at a work number or during work hours, as their employer prohibits such calls. Likewise, any prior agreement to arbitrate or mediate, this or any related matter, by and between my client and any party is hereby revoked.

Additionally, the debtor(s) **dispute the total debt and refuse to pay the total debt,** in light of basic contract enforceability issues. Please provide our Firm copies of any contract you believe support your claim(s) in a court of law. Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as **"disputed"** to all you report to per 15 USC 1692(e)8, CC 1788.17, CC 1782.25(a), and 15 USC 1601. This would also include identifying this account as **"disputed"** in any and all credit bureau reporting you do, such as entering compliance condition code**"XB"** in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at **2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008,** per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see **In re Wright** (1981) 11 BR 590, 592, for further explanation.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, **shall result in a lawsuit** being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. You may verify the above debtor(s) attorney representation by (1) calling our office at (760) 450-3333 or (2) you may access our "Creditor Link" anytime at **http://doanlaw.com/creditor_link.html.** Please note, however, Karen S. Spicker represents the undersigned limited to this Cease and Desist Notice.

Sincerely,

*Karen S. Spicker*
Karen Spicker,
Attorney at Law

*DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17
AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:*

*The undersigned affirms the foregoing, and disputes your claim(s), refuses to pay, and requests a change of
address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.*

DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.

_____          _____
Shannon McDonald

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery  3\|19 |
| 1. Article Addressed to:<br><br>HSBC/ Yamaha<br>90 Christiana Road<br>New Castle, DE<br>19720 | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |

2. Article Number
(*Transfer from service label*)  7006  2760  0000  7593  3571

PS Form 3811, February 2004          Domestic Return Receipt                    102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Shannon McDonald
826 Vine, Apt. 33
Oceanside, CA 92054

English          Customer Service          USPS Mobile                                          Register / Sign In

 **USPS.COM**                                                 Search USPS.com or Track Packages

Quick Tools                    Ship a Package          Send Mail          Manage Your Mail          Shop          Business Solutions

# Track & Confirm

GET EMAIL UPDATES    

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70062760000075933571 | First-Class Mail® | Delivered | March 19, 2012, 8:47 am | NEW CASTLE, DE 19720 | Expected Delivery By: March 19, 2012 Certified Mail™ Return Receipt |
| | | Arrival at Unit | March 19, 2012, 6:59 am | NEW CASTLE, DE 19720 | |
| | | Depart USPS Sort Facility | March 18, 2012 | WILMINGTON, DE 19850 | |
| | | Processed through USPS Sort Facility | March 18, 2012, 12:43 am | WILMINGTON, DE 19850 | |
| | | Depart USPS Sort Facility | March 16, 2012 | SAN DIEGO, CA 92199 | |
| | | Processed at USPS Origin Sort Facility | March 15, 2012, 6:40 pm | SAN DIEGO, CA 92199 | |
| | | Dispatched to Sort Facility | March 15, 2012, 4:53 pm | OCEANSIDE, CA 92054 | |
| | | Acceptance | March 15, 2012, 1:40 pm | OCEANSIDE, CA 92054 | |

### Check on Another Item

What's your label (or receipt) number?



**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2013 USPS. All Rights Reserved.

**DOAN LAW FIRM, LLP**
2850 Pio Pico Drive, Suite D
Carlsbad, California  92008
Phone (760) 450-3333 • Fax (760) 720-6082
www.DoanLaw.com

April 9, 2012

## CEASE AND DESIST ORDER PER CC 1788.17 WITH
## BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA

Hsbc Bank
Po Box 49353
San Jose, CA  95161-9353

Re:   Debtor(s):        Shannon Raoul McDonald
       Soc Sec No:      xxx-xx-9351
       Account No:      5557 and any other accounts related to the Debtor(s)
       Amount:          $1,907.80

To Whom It May Concern:

Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief. Accordingly, whether you are a collection agent or the original creditor, **California Civil Code Section 1788.17 via 15 U.S.C. 1692** requires you **cease and desist any and all future communications** on **any and all accounts** associated with the above referenced debtor(s). Such notice to cease and desist must be given and transferred from creditor to any debt collector, or any other party that is creditor's successors-in-interest, agents, or any other third party, and such subsequent parties shall thereby be **deemed** to have received such notice.  This letter **revokes** all prior business relationships as defined by **The Telephone Consumer Protection Act 47 U.S.C. 227 (a)(2)** by and between any of the original parties involved in this matter, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for the calling my clients is expressly **revoked**. Therefore, any future phone calls to the above debtor(s) using an automated telephone dialing system will result in violation of **The Telephone Consumer Protection Act 47 U.S.C. 227 (b)(1)(A)**. Please also take all measures to check and comply with the **National Do Not Call Registry**, and do not call my client in violation thereof. Further, you are **specifically prohibited** from calling my clients at **any** time, including, but not limited to at a work number or during work hours, as their employer prohibits such calls.  Likewise, any prior agreement to arbitrate or mediate, this or any related matter, by and between my client and any party is hereby revoked.

Additionally, the debtor(s) **dispute the total debt** and **refuse to pay the total debt**, in light of basic contract enforceability issues.  Please provide our Firm copies of any contract you believe support your claim(s) in a court of law.  Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as **"disputed"** to all you report to per 15 USC 1692(e)8, CC 1788.17, CC 1782.25(a), and 15 USC 1601.  This would also include identifying this account as **"disputed"** in any and all credit bureau reporting you do, such as entering compliance condition code **"XB"** in base segment field 20 when uploading any Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at **2850 Pio Pico Drive, Suite D, Carlsbad, CA  92008**, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592, for further explanation.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, **shall result in a lawsuit** being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. You may verify the above debtor(s) attorney representation by (1) calling our office at (760) 450-3333 or (2) you may access our "Creditor Link" anytime at **http://doanlaw.com/creditor_link.html**. Please note, however, Karen S. Spicker represents the undersigned limited to this Cease and Desist Notice.

Sincerely,

*Karen S. Spicker*
Karen Spicker,
Attorney at Law

## DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17
## AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:

*The undersigned affirms the foregoing, and disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA  92008.*

## DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.

_____            _____
Shannon Raoul McDonald

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HSBC Bank
P.O. Box 49353
San Jose, CA 95161-9353

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                   ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
Tomywk                           2/3/14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7011 3500 0003 0966 3327

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-16

English        Customer Service        USPS Mobile                                                    Register / Sign In

**USPS.COM**

Search USPS.com or Track Packages

Quick Tools          Ship a Package          Send Mail          Manage Your Mail          Shop          Business Solutions

# Track & Confirm

GET EMAIL UPDATES      PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70113500000309663327 | | Delivered | April 30, 2012, 4:36 pm | SAN JOSE, CA 95101 | |

### Check on Another Item

What's your label (or receipt) number?

[ Find ]

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates › .
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2013 USPS. All Rights Reserved.

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California  92008
Phone (760) 450-3333 • Fax (760) 720-6082
www.DoanLaw.com

May 9, 2012

SECOND (2nd) CEASE AND DESIST ORDER PER CC 1788.17 WITH
BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA

Hsbc/Ymaha
Po Box 4144
Carol Stream, IL 60197-4144

Re:   Debtor(s):       Shannon Raoul McDonald
      Soc Sec No:      xxx-xx-9351
      Account No:      5487 and any other accounts related to the Debtor(s)
      Amount:          $1,837.00

To Whom It May Concern:

THIS IS YOUR SECOND NOTICE!! Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief.  Accordingly, whether you are a collection agent or the original creditor, **California Civil Code Section 1788.17 via 15 U.S.C. 1692** requires you **cease and desist any and all future communications** on any and all accounts associated with the above referenced debtor(s).  Such notice to cease and desist must be given and transferred from creditor to any debt collector, or any other party that is creditor's successors-in-interest, agents, or any other third party, and such subsequent parties shall thereby be **deemed** to have received such notice.  This letter **revokes** all prior business relationships as defined by **The Telephone Consumer Protection Act 47 U.S.C. 227 (a)(2)** by and between any of the original parties involved in this matter, as well as any subsequent parties in interest.  Any prior consent that may have been given that would allow for the calling my clients is expressly **revoked**.  Therefore, any future phone calls to the above debtor(s) using an automated telephone dialing system will result in violation of **The Telephone Consumer Protection Act 47 U.S.C. 227 (b)(1)(A)**.  Please also take all measures to check and comply with the **National Do Not Call Registry**, and do not call my client in violation thereof.  Further, you are **specifically prohibited** from calling my clients at **any** time, including, but not limited to at a work number or during work hours, as their employer prohibits such calls.  Likewise, any prior agreement to arbitrate or mediate, this or any related matter, by and between my client and any party is hereby revoked.

Additionally, the debtor(s) **dispute the total debt** and **refuse to pay the total debt**, in light of basic contract enforceability issues.  Please provide our Firm copies of any contract you believe support your claim(s) in a court of law.  Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as **"disputed"** to all you report to per 15 USC 1692(e)8, CC 1788.17, CC 1782.25(a), and 15 USC 1601.  This would also include identifying this account as **"disputed"** in any and all credit bureau reporting you do, such as entering compliance condition code**"XB"** in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at **2850 Pio Pico Drive, Suite D, Carlsbad, CA  92008**, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2.  Please see In re Wright (1981) 11 BR 590, 592, for further explanation.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, **shall result in a lawsuit** being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs.  You will soon receive a Federal Notice governing your claim.  You may verify the above debtor(s) attorney representation by (1) calling our office at (760) 450-3333 or (2) you may access our "Creditor Link" anytime at http://doanlaw.com/creditor_link.html.  Please note, however, Karen S. Spicer represents the undersigned limited to this Cease and Desist Notice.

Sincerely,

Karen S. Spicer
Karen Spicer,
Attorney at Law

*DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17*
*AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:*

**The undersigned affirms the foregoing, and disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA  92008.**

<u>DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.</u>

Shannon Raoul McDonald

1

**PROOF OF SERVICE**
*(McDonald, Shannon)*

2

3
     I, the undersigned, declare that I am over the age of 18 and not a party to this action. I am

4
employed in the City of Carlsbad, California; my business address is Doan Law Firm, LLP, 2850
Pio Pico Drive, Suite D, Carlsbad, California 92008.

5
     On the date below I served a copy, with all exhibits, of the following document(s):

6
     **SECOND CEASE AND DESIST ORDER** on all interested parties in said case
addressed as follows:

7

8
HSBC/Ymaha
P.O. Box 4144

9
Carol Stream, IL 60197-4144

10
_X **(BY MAIL)**: By placing envelope for collection and mailing following our ordinary business

11
practices. I am readily familiar with the firm's practice of collecting and processing correspondence
for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited

12
in the ordinary course

13
___ **(BY HAND)** By placing the document in an envelope or package addressed to the persons listed
above and providing them to a professional messenger service for delivery.

14
___ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other

15
facility regularly maintained by Federal Express with delivery fees paid or provided for.

16
___ **(BY FAX)** By use of facsimile machine telephone number (760) 720-6082, I faxed a true copy
to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The

17
transmission was reported as complete and without error. The attached transmission report, which
sets forth the date and time for the transmission, was properly issued by the transmitting facsimile

18
machine.

19
___ **(BY ELECTRONIC TRANSMISSION)** By sending a file of the above document(s) via
electronic transmission (e-mail) at _____ a.m/p.m. using e-mail address _____ to

20
the e-mail address designated for each party identified above. I did not receive, within a reasonable
time after the transmission, any electronic message or other indication that the transmission was

21
unsuccessful.

22
     I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct. This declaration is executed in Carlsbad, California, on

23
May 10, 2012.

24

25
                   Siyun Yao

26

27

28

1

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California  92008
Phone (760) 450-3333 ◦ Fax (760) 720-6082
www.DoanLaw.com

May 9, 2012

**SECOND (2ⁿᵈ) CEASE AND DESIST ORDER PER CC 1788.17 WITH
BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA**

Hsbc Bank
Po Box 49353
San Jose, CA  95161-9353

Re:   Debtor(s):         Shannon Raoul McDonald
      Soc Sec No:        xxx-xx-9351
      Account No:        5557 and any other accounts related to the Debtor(s)
      Amount:            $1,907.80

To Whom It May Concern:

THIS IS YOUR SECOND NOTICE!! Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief.  Accordingly, whether you are a collection agent or the original creditor, California Civil Code Section 1788.17 via 15 U.S.C. 1692 requires you cease and desist any and all **future communications** on any and all accounts associated with the above referenced debtor(s). Such notice to cease and desist must be given and transferred from creditor to any debt collector, or any other party that is creditor's successors-in-interest, agents, or any other third party, and such subsequent parties shall thereby be **deemed** to have received such notice.  This letter **revokes** all prior business relationships as defined by **The Telephone Consumer Protection Act 47 U.S.C. 227 (a)(2)** by and between any of the original parties involved in this matter, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for the calling my clients is expressly **revoked**. Therefore, any future phone calls to the above debtor(s) using an automated telephone dialing system will result in violation of **The Telephone Consumer Protection Act 47 U.S.C. 227 (b)(1)(A).** Please also take all measures to check and comply with the **National Do Not Call Registry**, and do not call my client in violation thereof. Further, you are **specifically prohibited** from calling my clients at **any** time, including, but not limited to at a work number or during work hours, as their employer prohibits such calls. Likewise, any prior agreement to arbitrate or mediate, this or any related matter, by and between my client and any party is hereby revoked.

Additionally, the debtor(s) dispute the total debt and refuse to pay the total debt, in light of basic contract enforceability issues.  Please provide our Firm copies of any contract you believe support your claim(s) in a court of law.  Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as **"disputed"** to all you report to per 15 USC 1692(e)8, CC 1788.17, CC 1782.25(a), and 15 USC 1601.  This would also include identifying this account as **"disputed"** in any and all credit bureau reporting you do, such as entering compliance condition code"XB" in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at **2850 Pio Pico Drive, Suite D, Carlsbad, CA  92008**, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592, for further explanation.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, shall result in a lawsuit being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. You may verify the above debtor(s) attorney representation by (1) calling our office at (760) 450-3333 or (2) you may access our "Creditor Link" anytime at http://doanlaw.com/creditor_link.html. Please note, however, Karen S. Spicker represents the undersigned limited to this Cease and Desist Notice.

Sincerely,

*Karen S. Spicker*
Karen Spicker,
Attorney at Law

*DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17
AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:*

*The undersigned affirms the foregoing, and disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA  92008.*

DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.

Shannon Raoul McDonald

**PROOF OF SERVICE**
*(McDonald, Shannon)*

I, the undersigned, declare that I am over the age of 18 and not a party to this action. I am employed in the City of Carlsbad, California; my business address is Doan Law Firm, LLP, 2850 Pio Pico Drive, Suite D, Carlsbad, California 92008.

On the date below I served a copy, with all exhibits, of the following document(s):

SECOND CEASE AND DESIST ORDER on all interested parties in said case addressed as follows:

HSBC
P.O. Box 49353
San Jose, CA 95161-9353

_X (BY MAIL): By placing envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course

__ (BY HAND) By placing the document in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

__ (BY FEDERAL EXPRESS) By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

__ (BY FAX) By use of facsimile machine telephone number (760) 720-6082, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error. The attached transmission report, which sets forth the date and time for the transmission, was properly issued by the transmitting facsimile machine.

___ (BY ELECTRONIC TRANSMISSION) By sending a file of the above document(s) via electronic transmission (e-mail) at _____ a.m/p.m. using e-mail address _____ to the e-mail address designated for each party identified above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration is executed in Carlsbad, California, on May 10, 2012.

Syvan Yao

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
www.DoanLaw.com

May 9, 2012

**SECOND (2nd) CEASE AND DESIST ORDER PER CC 1788.17 WITH BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA**

Hsbc/Ymaha
90 Christiana Road
New Castle, DE 19720

Re:   Debtor(s):      Shannon Raoul McDonald
      Soc Sec No:     xxx-xx-9351
      Account No:     5487 and any other accounts related to the Debtor(s)
      Amount:         $1,837.00

To Whom It May Concern:

THIS IS YOUR SECOND NOTICE!! Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief. Accordingly, whether you are a collection agent or the original creditor, **California Civil Code Section 1788.17 via 15 U.S.C. 1692 requires you cease and desist any and all future communications** on any and all accounts associated with the above referenced debtor(s). Such notice to cease and desist must be given and transferred from creditor to any debt collector, or any other party that is creditor's successors-in-interest, agents, or any other third party, and such subsequent parties shall thereby be **deemed** to have received such notice. This letter **revokes** all prior business relationships as defined by **The Telephone Consumer Protection Act 47 U.S.C. 227 (a)(2)** by and between any of the original parties involved in this matter, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for the calling my clients is expressly **revoked**. Therefore, any future phone calls to the above debtor(s) using an automated telephone dialing system will result in violation of **The Telephone Consumer Protection Act 47 U.S.C. 227 (b)(1)(A)**. Please also take all measures to check and comply with the **National Do Not Call Registry**, and do not call my client in violation thereof. Further, you are **specifically prohibited** from calling my clients at **any** time, including, but not limited to at a work number or during work hours, as their employer prohibits such calls. Likewise, any prior agreement to arbitrate or mediate, this or any related matter, by and between my client and any party is hereby revoked.

Additionally, the debtor(s) dispute the total debt and refuse to pay the total debt, in light of basic contract enforceability issues. Please provide our Firm copies of any contract you believe support your claim(s) in a court of law. Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as "disputed" to all you report to per 15 USC 1692(e)8, CC 1788.17, CC 1782.25(a), and 15 USC 1601. This would also include identifying this account as "disputed" in any and all credit bureau reporting you do, such as entering compliance condition code"**XB**" in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592, for further explanation.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, shall result in a lawsuit being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. You may verify the above debtor(s) attorney representation by (1) calling our office at (760) 450-3333 or (2) you may access our "Creditor Link" anytime at http://doanlaw.com/creditor_link.html. Please note, however, Karen S. Spicer represents the undersigned limited to this Cease and Desist Notice.

Sincerely,

*Karen S. Spicer*
Karen Spicer,
Attorney at Law

*DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17
AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:*

*The undersigned affirms the foregoing, and disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.*

**DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.**

Shannon Raoul McDonald

**PROOF OF SERVICE**
*(McDonald, Shannon)*

I, the undersigned, declare that I am over the age of 18 and not a party to this action. I am employed in the City of Carlsbad, California; my business address is Doan Law Firm, LLP, 2850 Pio Pico Drive, Suite D, Carlsbad, California 92008.

On the date below I served a copy, with all exhibits, of the following document(s):

**SECOND CEASE AND DESIST ORDER** on all interested parties in said case addressed as follows:

HSBC/Ymaha
90 Christiana Road
New Castle, DE 19720

_X **(BY MAIL)**: By placing envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course

__ **(BY HAND)** By placing the document in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

__ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

__ **(BY FAX)** By use of facsimile machine telephone number (760) 720-6082, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error. The attached transmission report, which sets forth the date and time for the transmission, was properly issued by the transmitting facsimile machine.

__ **(BY ELECTRONIC TRANSMISSION)** By sending a file of the above document(s) via electronic transmission (e-mail) at _____ a.m/p.m. using e-mail address _____ to the e-mail address designated for each party identified above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration is executed in Carlsbad, California, on May 10, 2012.

_____
Siyuh Yao

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "B"

| Date of Call? (MM/DD/YY) | Time of Call? (00:00 AM) | How Many Minutes Did Call Last? (Approx.) | Was it an automated call? | Phone Call, Voice Mail, Message? SAVE MESSAGE! | Collector's Name? | Collector's Telephone Number? | What Did Collector Say? Amount Demanded? Payment Terms? Threats? Profanity? Harassment? Legal Action? Calls to Friends or Neighbors? Abuse? Calls at work or contact with your employer? (Use as many lines or pages as needed) |
|---|---|---|---|---|---|---|---|
| 10 3/27/12 | 524 Pm | | | | HSBC | 800-684-8429 | |
| 11 3 30 12 | 300 Pm | | | | HSBC | 800-684-8429 | |
| 12 4/2/12 | 9 Pm | | | | HSBC | 800 684 8429 | |
| 13 4/5/12 | 836 Am | | | | HSBC | 800 684 8429 | |
| 14 4/5/12 | 725 Pm | | | | HSBC | 800 684 8429 | |
| 15 4/6/12 | 855 Pm | | | | HSBC | 800 684 8429 | |
| 16 4/7/12 | 815 Am | | | | HSBC | 800 684 8429 | |
| 17 4/7/12 | 945 Am | | | | HSBC | 800 684 8429 | |
| 18 4/7 12 | 1217 Pm | | | | HSBC | 800 684 8429 | |
| 19 4/9/12 | 855 Pm | | | | HSBC | 800 684 8429 | |
| 20 4/11/12 | 841 Am | | | | HSBC | 800 684 8429 | |
| 21 4/11/12 | 1054 Am | | | | HSBC | 800 684 8429 | |

| | | | | | |
|---|---|---|---|---|---|
| 4/13 | 248 Pm | HSBC | 4/23 744 Pm | 4/30 213 Pm | 800-684-8429 |
| 4/14 | 829 Am | HSBC | 4/23 825 Pm | 4/30 712 Pm | HSBC |
| 4/15 | 843 Am | HSBC | 4/24 939 Am | 4/30 430 Pm | |
| 4/13 | 343 Pm | HSBC | 4/24 721 Pm | 5/1 627 Am | |
| 4/16 | 709 Pm | HSBC | 4/24 804 Pm | 5/1 844 Am | |
| 4/16 | 814 Pm | HSBC | 4/24 818 Pm | 5/1 700 Pm | |
| 4/17 | 1131 Am | HSBC | 4/25 810 Am | 5/1 814 Pm | |
| 4/17 | 446 Pm | HSBC | 4/25 444 Pm | 5/2 413 Pm | |
| 4/18 | 347 Pm | NSBC | 4/25 743 Pm | 5/3 1159 Am | |
| 4/18 | 734 Pm | HSBC | 4/25 824 Pm | 5/3 322 Pm | |
| 4/18 | 826 Pm | HSBC | 4/26 845 Am | 5/3 735 Pm | |
| 4/19 | 400 Pm | HSBC | 4/26 1136 Am | 5/4 845 Pm | |
| 4/19 | 756 Pm | HSBC | 4/26 246 Pm | 5/5 818 Am | |
| 420 | 354 Pm | HSBC | 4/26 720 Pm | 5/5 926 Am | |
| 4/21 | 1117 Am | NSBC | 4/26 811 Pm | 5/6 830 Am | |
| 4/21 | 406 Pm | HSBC | 4/26 849 Pm | 5/6 940 Am | |
| 4/22 | 807 Am | HSBC | 4/27 605 Pm | 5/6 114 Pm | |
| 4/22 | 912 Am | HSBC | 4/28 803 Am | 5/6 846 Am | |
| 4/22 | 1235 Pm | HSBC | 4/28 929 Am | 5/7 1225 Pm | |
| 4/22 | 652 Pm | HSBC | 4/28 128 Pm | 5/7 128 Pm | |
| 4/23 | 337 Pm | HSBC | 4/29 839 Am | 5/7 212 Pm | |
| | | | 4/29 1120 Am | 5/7 438 Pm | |
| | | | 4/29 140 Pm | | |
| | | | 4/29 628 Pm | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "C"



## Detail for Shannon McDonnald: 619–519–0450

continued



| | | Peak | PlanAllow | | San Diego CA | Incoming CL | 1 | — | — |
| | | | | | San Diego CA | San Diego CA | 1 | — | — |
| | | Peak | PlanAllow | | San Diego CA | Incoming CL | 1 | — | — |



## Detail for Shannon McDonnald: 619-519-0450



| Date | Time | Number | Rate | Usage Type | Origination | Destination | Airtime | Long Dist/ |
|------|------|--------|------|------------|-------------|-------------|---------|-----------|
| 3/30 | 8:05A | 800-584-0729 | Peak | PlanAllow | Oceanside CA | Toll-Free CL | 2 | — |
| 3/30 | | | | | Oceanside CA | Incoming CL | 1 | — |
| 3/30 | 10:31A | 800-584-8406 | Peak | PlanAllow | Camp Pendl CA | Incoming CL | | — |
| 3/30 | 3:00P | 800-584-8406 | Peak | PlanAllow, CallWait | Camp Pendl CA | Incoming CL | | — |



## Detail for Shannon McDonnald: 619–519–0450

Voice, continued

| Date | Time | Number | Rate | Usage Type | Origination | Destination | Min. | Airtime Charges | Long Dist/ Other Chgs | Total |
|------|------|--------|------|-----------|-------------|-------------|------|-----------------|-----------------------|-------|
| 4/04 | 8:54P | | Peak | PlanAllow | Oceanside CA | Oceanside CA | 4 | — | — | — |
| | | | | | Oceanside CA | Incoming CL | 1 | — | — | — |

Order #: 4029   Copy #: 01        Contact #:40000003-000000001



| | Invoice Number | Account Number | Date Due | Page |

## Detail for Shannon McDonnald: 619–519–0450

e, continued

| Date | Time | Number | Rate | Usage Type | Origination | Destination | | Airtime | Long Dist/ | Total |
|------|------|--------|------|-----------|-------------|-------------|---|---------|-----------|-------|
| 4/11 | 7:28P | | Peak | PlanAllow | | Oceanside CA | Incoming Cl | 1 | | |



## Detail for Shannon McDonnald: 619-519-0450

...ce. continued

| Date | Time | Number | Rate | Usage Type | Origination | Destination | Min | Airtime Charges | Long Dist/ | Total |
|------|------|--------|------|-----------|-------------|-------------|-----|-----------------|-----------|-------|
| 4/14 | 3:04P | | Off-Peak N&W | | Oceanside CA | Incoming CL | 1 | — | — | — |
| | | | | | | CL | 1 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 2 | — | — | — |
| 4/15 | 11:57A | | Off-Peak N&W | | Oceanside CA | Incoming CL | 1 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | CA | 1 | — | — | — |
| | | | | | | CA | 2 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 3 | — | — | — |



## Detail for Shannon McDonnald: 619-519-0450

### Voice, continued

| Date | Time | Number | Rate | Usage Type | Origination | Destination | Min. | Airtime Charges | Long Dist/ Other Chgs | Total |
|------|------|--------|------|-----------|-------------|-------------|------|----------------|----------------------|-------|
| 4/15 | 1:21P | | Off-Peak | N&W | Oceanside CA | Incoming CL | 1 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 5 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 3 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 3 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 6 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 3 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 3 | — | — | — |
| | | | | | | | 5 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 3 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 5 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 4 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 4 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 3 | — | — | — |
| | | | | | | | 5 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 5 | — | — | — |
| | | | | | | | 4 | — | — | — |
| | | | | | | | 3 | — | — | — |
| | | | | | | | 5 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 3 | — | — | — |



## Detail for Shannon McDonnald: 619–519–0450

Usage, continued

| Date | Time | Number | Rate | Usage Type | Origination | Destination | Min. | Airtime Charges | Long Dist/ Other Chgs | Total |
|------|------|--------|------|------------|-------------|-------------|------|-----------------|----------------------|-------|
|  |  |  |  |  | Oceanside CA | Vista CA | 3 | — | — | — |
| 4/21 | 8:34A | *685*704*0459* | Off-Peak | N&W | Oceanside CA | Incoming CI | 1 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 4 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 12 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 2 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 2 | — | 1.99 | 1.99 |
|  |  |  |  |  |  |  | 2 | — | — | — |
|  |  |  |  |  |  |  | 2 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 3 | — | — | — |
|  |  |  |  |  |  |  | 2 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 3 | — | — | — |
|  |  |  |  |  |  |  | 2 | — | — | — |
|  |  |  |  |  |  |  | 4 | — | — | — |
|  |  |  |  |  |  |  | 2 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 4 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 7 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 2 | — | — | — |
|  |  |  |  |  |  |  | 2 | — | — | — |
|  |  |  |  |  |  |  | 3 | — | — | — |
|  |  |  |  |  |  |  | 3 | — | — | — |
|  |  |  |  |  |  |  | 2 | — | — | — |
|  |  |  |  |  |  |  | 1 | — | — | — |
|  |  |  |  |  |  |  | 2 | — | — | — |
|  |  |  |  |  |  |  | 4 | — | — | — |
|  |  |  |  |  |  |  | 6 | — | — | — |
|  |  |  |  |  |  |  | 2 | — | — | — |



## Detail for Shannon McDonnald: 619–519–0450

### Voice, continued

| Date | Time | Number | Rate | Usage Type | Origination | Destination | Min. | Airtime Charges | Long Dist/ Other Chgs | Total |
|------|------|--------|------|-----------|-------------|-------------|------|-----------------|----------------------|-------|
| | | | Peak | PlanAllow | Camp Pendl CA | Toll-Free CL | 2 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 7 | — | — | — |
| | | | | | | | 11 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 4 | — | — | — |
| | | | | | | | 8 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 9 | — | — | — |
| | | | | | | | 9 | — | — | — |
| | | | | | | | 22 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 3 | — | — | — |
| 5/11 | 8:35A | 820-884-8429 | Peak | PlanAllow | Oceanside CA | Incoming CL | 1 | — | — | — |
| | | | | | Oceanside CA | Incoming CL | 4 | — | — | — |



**verizon**wireless

## Detail for Shannon McDonnald: 619-519-0450

Voice, continued

| Date | Time | Number | Rate | Usage Type | Origination | Destination | Min. | Airtime Charges | Long Dist/ Other Chgs | Total |
|------|------|--------|------|-----------|-------------|-------------|------|-----------------|-----------------------|-------|
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| | | | | | | | | — | — | — |
| 5/17 | 8:29A | 800-664-8429 | Peak | PlanAllow | San Diego CA | Incoming CL | 2 | — | — | — |
| 5/17 | 9:52A | 800-324-8429 | Peak | PlanAllow | San Diego CA | Incoming CL | 1 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 5 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 3 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 8 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 2 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 10 | — | — | — |
| | | | | | | | 7 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 5 | — | — | — |
| | | | | | | | 1 | — | — | — |
| | | | | | | | 5 | — | — | — |

Order #: 4125  Copy #: 01    Control #: 9400D48b70653db8-00000089

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "D"

| Network Element Name | Mobile Directory Number | Dialed Digit Number | Call Direction | Seizure Dt Tm | Seizure Duration | Calling Party Number |
|---|---|---|---|---|---|---|
| SanDiego_48 | 6195190450 | 6195190450 | 0 | 3/27/2012 8:06 | 47 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 0 | 3/27/2012 10:33 | 48 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 3/27/2012 14:13 | 33 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 3/30/2012 8:05 | 27 | 8006848429 |
| Vista | 6195190450 | 7606914758 | 0 | 3/30/2012 8:05 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 3/30/2012 10:30 | 23 | 8006848429 |
| Vista | 6195190450 | 7606914169 | 0 | 3/30/2012 10:30 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 3/30/2012 15:00 | 47 | 8006848429 |
| Vista | 6195190450 | 7606914386 | 0 | 3/30/2012 15:00 | 3 | 8006848429 |
| Vista | 6195190450 | 7606914386 | 0 | 3/30/2012 15:00 | 43 | 8006848429 |
| Azusa55 | 6195190450 | 8183058767 | 5 | 4/2/2012 8:04 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/2/2012 8:04 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/2/2012 10:29 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914519 | 5 | 4/2/2012 10:29 | 22 | 8006848429 |
| Azusa55 | 6195190450 | 8183058244 | 5 | 4/2/2012 14:13 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/2/2012 14:13 | 27 | 8006848429 |
| Azusa55 | 6195190450 | 8183058770 | 0 | 4/2/2012 14:58 | 31 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/2/2012 14:58 | 31 | 8006848429 |
| Azusa55 | 6195190450 | 8183058388 | 5 | 4/3/2012 8:28 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/3/2012 8:28 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/3/2012 10:58 | 27 | 8006848429 |
| Azusa55 | 6195190450 | 8183058395 | 5 | 4/3/2012 10:58 | 22 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/3/2012 13:16 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914666 | 5 | 4/3/2012 13:16 | 21 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/3/2012 14:26 | 25 | 8006848429 |
| Vista | 6195190450 | 7606914153 | 5 | 4/3/2012 14:26 | 22 | 8006848429 |
| Azusa55 | 6195190450 | 8183058707 | 5 | 4/4/2012 9:15 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/4/2012 9:15 | 26 | 8006848429 |
| Azusa55 | 6195190450 | 8183058216 | 5 | 4/4/2012 11:05 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/4/2012 11:05 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/4/2012 12:07 | 4 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/4/2012 20:54 | 35 | 8006848429 |
| Vista | 6195190450 | 7606914547 | 0 | 4/4/2012 20:54 | 35 | 8006848429 |
| Azusa55 | 6195190450 | 8183058923 | 0 | 4/5/2012 8:35 | 31 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/5/2012 8:35 | 31 | 8006848429 |
| Azusa55 | 6195190450 | 8183058483 | 5 | 4/5/2012 10:10 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/5/2012 10:10 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/5/2012 19:24 | 38 | 8006848429 |
| Vista | 6195190450 | 7606914599 | 0 | 4/5/2012 19:24 | 28 | 8006848429 |
| Azusa55 | 6195190450 | 8183059079 | 5 | 4/6/2012 8:31 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/6/2012 8:31 | 27 | 0006848429 |
| Azusa55 | 6195190450 | 8183058967 | 5 | 4/6/2012 11:05 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/6/2012 11:05 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/6/2012 16:11 | 4 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/6/2012 20:54 | 29 | 8C 6843429 |
| Vista | 6195190450 | 7606914689 | 0 | 4/6/2012 20:54 | 25 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/7/2012 8:15 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914101 | 0 | 4/7/2012 8:15 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/7/2012 9:44 | 34 | 8006848429 |
| Vista | 6195190450 | 7606914282 | 0 | 4/7/2012 9:44 | 29 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/7/2012 12:17 | 34 | 8006848429 |
| Vista | 6195190450 | 7606914031 | 0 | 4/7/2012 12:17 | 29 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/9/2012 8:31 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914567 | 5 | 4/9/2012 8:31 | 22 | 8006848429 |
| Azusa55 | 6195190450 | 8183058264 | 5 | 4/9/2012 12:10 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/9/2012 12:10 | 29 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/9/2012 20:54 | 33 | 8006848429 |
| Vista | 6195190450 | 7606914315 | 0 | 4/9/2012 20:54 | 29 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/10/2012 8:39 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914758 | 5 | 4/10/2012 8:39 | 21 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/10/2012 13:41 | 27 | 8006848429 |
| Azusa55 | 6195190450 | 8183058602 | 5 | 4/10/2012 13:41 | 22 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/10/2012 20:39 | 25 | 8006848429 |
| Vista | 6195190450 | 7606914403 | 0 | 4/10/2012 20:39 | 25 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/11/2012 8:40 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914325 | 0 | 4/11/2012 8:40 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/11/2012 10:54 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914093 | 0 | 4/11/2012 10:54 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/11/2012 14:18 | 30 | 8006848429 |
| Vista | 6195190450 | 7606914720 | 0 | 4/11/2012 14:18 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/11/2012 19:28 | 34 | 8006848429 |
| Vista | 6195190450 | 7606914528 | 0 | 4/11/2012 19:28 | 34 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/12/2012 8:43 | 28 | 8006848429 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Azusa55 | 6195190450 | 8183059024 | 0 | 4/12/2012 8:43 | 24 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/12/2012 14:19 | 25 | 8006848429 |
| Vista | 6195190450 | 7606914093 | 5 | 4/12/2012 14:19 | 22 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/12/2012 16:03 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914153 | 0 | 4/12/2012 16:03 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/12/2012 20:01 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914214 | 0 | 4/12/2012 20:01 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/12/2012 20:40 | 29 | 8006848429 |
| Vista | 6195190450 | 7606914556 | 0 | 4/12/2012 20:40 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/13/2012 8:35 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914667 | 5 | 4/13/2012 8:35 | 21 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/13/2012 11:13 | 27 | 8006848429 |
| Azusa55 | 6195190450 | 8183058257 | 5 | 4/13/2012 11:13 | 22 | 8006848429 |
| Azusa55 | 6195190450 | 8183058466 | 5 | 4/13/2012 12:20 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/13/2012 12:20 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/13/2012 14:48 | 30 | 8006848429 |
| Azusa55 | 6195190450 | 8183058916 | 0 | 4/13/2012 14:48 | 25 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/14/2012 8:28 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914211 | 0 | 4/14/2012 8:28 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/14/2012 9:23 | 14 | 8006848429 |
| Vista | 6195190450 | 7606914562 | 0 | 4/14/2012 9:23 | 14 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/14/2012 9:57 | 16 | 8006848429 |
| Vista | 6195190450 | 7606914837 | 0 | 4/14/2012 9:57 | 16 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/14/2012 15:04 | 17 | 8006848429 |
| Vista | 6195190450 | 7606914085 | 0 | 4/14/2012 15:04 | 17 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/15/2012 8:42 | 30 | 8006848429 |
| Vista | 6195190450 | 7606914532 | 0 | 4/15/2012 8:42 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/15/2012 11:57 | 20 | 8006848429 |
| Vista | 6195190450 | 7606914307 | 0 | 4/15/2012 11:57 | 19 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/15/2012 13:21 | 21 | 8006848429 |
| Vista | 6195190450 | 7606914278 | 0 | 4/15/2012 13:21 | 20 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/15/2012 15:43 | 34 | 8006848429 |
| Vista | 6195190450 | 7606914275 | 0 | 4/15/2012 15:43 | 29 | 8006848429 |
| Azusa55 | 6195190450 | 8183053141 | 5 | 4/16/2012 8:25 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/16/2012 8:25 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/16/2012 10:01 | 27 | 8006848429 |
| Azusa55 | 6195190450 | 8183058834 | 5 | 4/16/2012 10:01 | 22 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/16/2012 19:09 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914207 | 0 | 4/16/2012 19:09 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/16/2012 20:13 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914066 | 0 | 4/16/2012 20:13 | 29 | 8006848429 |
| Azusa55 | 6195190450 | 8183058865 | 5 | 4/17/2012 8:40 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/17/2012 8:40 | 27 | 8006848429 |
| Azusa55 | 6195190450 | 8183058790 | 0 | 4/17/2012 11:30 | 31 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/17/2012 11:30 | 31 | 8006848429 |
| Azusa55 | 6195190450 | 8183058429 | 5 | 4/17/2012 14:09 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/17/2012 14:09 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/17/2012 16:45 | 33 | 8006848429 |
| Vista | 6195190450 | 7606914768 | 0 | 4/17/2012 16:45 | 29 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/18/2012 8:56 | 27 | 8006848429 |
| Azusa55 | 6195190450 | 8183058246 | 5 | 4/18/2012 8:56 | 22 | 8006848429 |
| Azusa55 | 6195190450 | 8183058795 | 5 | 4/18/2012 13:56 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/18/2012 13:56 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/18/2012 15:47 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914461 | 0 | 4/18/2012 15:47 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/18/2012 19:34 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914721 | 0 | 4/18/2012 19:34 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/18/2012 20:26 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914730 | 0 | 4/18/2012 20:26 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/19/2012 8:34 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914666 | 5 | 4/19/2012 8:34 | 22 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/19/2012 12:38 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914749 | 5 | 4/19/2012 12:38 | 21 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/19/2012 15:59 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914562 | 0 | 4/19/2012 15:59 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/19/2012 19:56 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914749 | 0 | 4/19/2012 19:56 | 27 | 8006848429 |
| Azusa55 | 6195190450 | 8183058876 | 5 | 4/20/2012 9:34 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/20/2012 9:34 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/20/2012 12:33 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914331 | 5 | 4/20/2012 12:33 | 21 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/20/2012 15:54 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914261 | 0 | 4/20/2012 15:54 | 27 | 8006848429 |

| | | | | | | |
|---|---|---|---|---|---|---|
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/21/2012 8:34 | 15 | 8006848429 |
| Vista | 6195190450 | 7606914088 | 0 | 4/21/2012 8:34 | 15 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/21/2012 11:17 | 30 | 8006848429 |
| Vista | 6195190450 | 7606914833 | 0 | 4/21/2012 11:17 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/21/2012 16:05 | 29 | 8006848429 |
| Vista | 6195190450 | 7606914883 | 0 | 4/21/2012 16:05 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/22/2012 8:06 | 30 | 8006848429 |
| Vista | 6195190450 | 7606914504 | 0 | 4/22/2012 8:06 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/22/2012 9:12 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914232 | 0 | 4/22/2012 9:12 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/22/2012 12:35 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914199 | 0 | 4/22/2012 12:35 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/22/2012 18:51 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914606 | 0 | 4/22/2012 18:51 | 28 | 8006848429 |
| Azusa55 | 6195190450 | 8183058122 | 5 | 4/23/2012 8:48 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/23/2012 8:48 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/23/2012 15:37 | 30 | 8006848429 |
| Vista | 6195190450 | 7606914020 | 0 | 4/23/2012 15:37 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/23/2012 19:43 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914757 | 0 | 4/23/2012 19:43 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/23/2012 20:25 | 30 | 8006848429 |
| Vista | 6195190450 | 7606914835 | 0 | 4/23/2012 20:25 | 26 | 8006848429 |
| Azusa55 | 6195190450 | 8183058290 | 0 | 4/24/2012 9:38 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/24/2012 9:38 | 31 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/24/2012 15:16 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914660 | 5 | 4/24/2012 15:16 | 22 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/24/2012 19:21 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914459 | 0 | 4/24/2012 19:21 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/24/2012 20:03 | 30 | 8006848429 |
| Vista | 6195190450 | 7606914042 | 0 | 4/24/2012 20:03 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/24/2012 20:48 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914284 | 0 | 4/24/2012 20:48 | 27 | 8006848429 |
| Azusa55 | 6195190450 | 8183058743 | 0 | 4/25/2012 8:39 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/25/2012 8:39 | 32 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/25/2012 10:28 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914890 | 5 | 4/25/2012 10:28 | 22 | 8006848429 |
| Azusa55 | 6195190450 | 8183059005 | 5 | 4/25/2012 13:40 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/25/2012 13:40 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/25/2012 16:44 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914359 | 0 | 4/25/2012 16:44 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/25/2012 19:42 | 32 | 9006848429 |
| Vista | 6195190450 | 7606914107 | 0 | 4/25/2012 19:42 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/25/2012 20:23 | 27 | 8006848429 |
| Vista | 6195190450 | 7606914819 | 0 | 4/25/2012 20:23 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/26/2012 8:44 | 30 | 8006848429 |
| Vista | 6195190450 | 7606914716 | 0 | 4/26/2012 8:44 | 25 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/26/2012 11:35 | 33 | 8006848429 |
| Vista | 6195190450 | 7606914871 | 0 | 4/26/2012 11:35 | 29 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/26/2012 14:45 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914732 | 0 | 4/26/2012 14:45 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/26/2012 19:20 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914728 | 0 | 4/26/2012 19:20 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/26/2012 20:11 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914788 | 0 | 4/26/2012 20:11 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/26/2012 20:48 | 33 | 8006848429 |
| Vista | 6195190450 | 7606914674 | 0 | 4/26/2012 20:48 | 29 | 8006848429 |
| Azusa55 | 6195190450 | 8183058796 | 5 | 4/27/2012 8:25 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/27/2012 8:25 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/27/2012 12:48 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914109 | 5 | 4/27/2012 12:48 | 22 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/27/2012 18:05 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914617 | 0 | 4/27/2012 18:05 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/28/2012 8:03 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914865 | 0 | 4/28/2012 8:03 | 31 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/28/2012 9:28 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914850 | 0 | 4/28/2012 9:28 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/28/2012 13:28 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914724 | 0 | 4/28/2012 13:28 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/29/2012 8:38 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914832 | 0 | 4/29/2012 8:38 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 F | | 4/29/2012 11:19 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914363 | 0 | 4/29/2012 11:19 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/29/2012 13:39 | 28 | 8006848429 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Vista | 6195190450 | 7606914821 | 0 | 4/29/2012 13:39 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/29/2012 16:37 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914169 | 0 | 4/29/2012 16:37 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/29/2012 18:27 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914275 | 0 | 4/29/2012 18:27 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/30/2012 8:54 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914145 | 5 | 4/30/2012 8:54 | 21 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 4/30/2012 14:13 | 28 | 8006848429 |
| Azusa55 | 6195190450 | 8183058563 | 0 | 4/30/2012 14:13 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/30/2012 19:12 | 17 | 8006848429 |
| Vista | 6195190450 | 7606914678 | 0 | 4/30/2012 19:12 | 11 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 4/30/2012 20:30 | 30 | 8006848429 |
| Vista | 6195190450 | 7606914715 | 0 | 4/30/2012 20:30 | 26 | 8006848429 |
| Azusa55 | 6195190450 | 8183058800 | 0 | 5/1/2012 8:44 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 5/1/2012 8:44 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/1/2012 19:27 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914526 | 0 | 5/1/2012 19:27 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/1/2012 20:14 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914544 | 0 | 5/1/2012 20:14 | 29 | 8006848429 |
| Azusa55 | 6195190450 | 8183058133 | 5 | 5/2/2012 8:42 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/2/2012 8:42 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/2/2012 11:06 | 27 | 8006848429 |
| Vista | 6195190450 | 7606914802 | 5 | 5/2/2012 11:06 | 22 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/2/2012 16:12 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914381 | 0 | 5/2/2012 16:12 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/2/2012 19:19 | 4 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/2/2012 19:56 | 4 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/2/2012 20:25 | 4 | 8006848429 |
| Azusa55 | 6195190450 | 8183058302 | 5 | 5/3/2012 8:30 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/3/2012 8:30 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/3/2012 11:59 | 29 | 8006848429 |
| Azusa55 | 6195190450 | 8183058100 | 0 | 5/3/2012 11:59 | 24 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/3/2012 13:43 | 25 | 8006848429 |
| Vista | 6195190450 | 7606914138 | 5 | 5/3/2012 13:43 | 22 | 8006848429 |
| Azusa55 | 6195190450 | 8183058462 | 5 | 5/3/2012 15:22 | 25 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 5/3/2012 15:22 | 25 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/3/2012 19:35 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914606 | 0 | 5/3/2012 19:35 | 30 | 8006848429 |
| Azusa55 | 6195190450 | 8183058424 | 5 | 5/4/2012 8:01 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/4/2012 8:01 | 27 | 8006848429 |
| Azusa55 | 6195190450 | 8183058770 | 0 | 5/4/2012 8:44 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/4/2012 8:44 | 33 | 8006848429 |
| Azusa55 | 6195190450 | 8183058222 | 5 | 5/4/2012 9:44 | 31 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 5/4/2012 9:44 | 31 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/4/2012 13:24 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914563 | 5 | 5/4/2012 13:24 | 22 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/5/2012 8:17 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914099 | 0 | 5/5/2012 8:17 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/5/2012 9:25 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914891 | 0 | 5/5/2012 9:25 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 5/6/2012 8:29 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914168 | 0 | 5/6/2012 8:29 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/6/2012 9:39 | 33 | 8006848429 |
| Vista | 6195190450 | 7606914239 | 0 | 5/6/2012 9:39 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/6/2012 13:14 | 33 | 8006848429 |
| Vista | 6195190450 | 7606914069 | 0 | 5/6/2012 13:14 | 28 | 8006848429 |
| Azusa55 | 6195190450 | 8183058472 | 0 | 5/7/2012 8:46 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/7/2012 8:46 | 28 | 8006848429 |
| Azusa55 | 6195190450 | 8183058901 | 0 | 5/7/2012 12:24 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 5/7/2012 12:24 | 28 | 8006848429 |
| Azusa55 | 6195190450 | 8183058484 | 0 | 5/7/2012 13:29 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/7/2012 13:29 | 32 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/7/2012 16:38 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914203 | 0 | 5/7/2012 16:38 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/7/2012 20:45 | 4 | 8006848429 |
| Azusa55 | 6195190450 | 8183058547 | 5 | 5/8/2012 8:36 | 23 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/8/2012 8:36 | 27 | 8006848429 |
| Azusa55 | 6195190450 | 8183058567 | 0 | 5/8/2012 11:50 | 24 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/8/2012 11:50 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 5/8/2012 16:10 | 29 | 8006848429 |
| Vista | 6195190450 | 7606914821 | 0 | 5/8/2012 16:10 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 5 | 5/8/2012 20:47 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914631 | 0 | 5/8/2012 20:47 | 28 | 8006848429 |

| | | | | | | |
|---|---|---|---|---|---|---|
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/9/2012 8:19 | 29 | 8006848429 |
| Vista | 6195190450 | 7606914186 | 0 | 5/9/2012 8:19 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/9/2012 9:15 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914326 | 0 | 5/9/2012 9:15 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/9/2012 16:33 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914014 | 0 | 5/9/2012 16:33 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/9/2012 20:00 | 33 | 8006848429 |
| Vista | 6195190450 | 7606914117 | 0 | 5/9/2012 20:00 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | S | 5/10/2012 8:05 | 28 | 8006848429 |
| Azusa55 | 6195190450 | 8183058431 | 0 | 5/10/2012 8:05 | 27 | 8006848429 |
| Azusa55 | 6195190450 | 8183058900 | 0 | 5/10/2012 9:40 | 31 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | S | 5/10/2012 9:40 | 31 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/10/2012 15:35 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/10/2012 19:18 | 30 | 8006848429 |
| Vista | 6195190450 | 7606914089 | 0 | 5/10/2012 19:18 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/10/2012 20:22 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914719 | 0 | 5/10/2012 20:22 | 28 | 8006848429 |
| Azusa55 | 6195190450 | 8183058776 | 0 | 5/11/2012 8:34 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | S | 5/11/2012 8:34 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | S | 5/11/2012 11:11 | 20 | 8006848429 |
| Azusa55 | 6195190450 | 8183058870 | 0 | 5/11/2012 11:11 | 19 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/11/2012 16:12 | 12 | 8006848429 |
| Vista | 6195190450 | 7606914595 | 0 | 5/11/2012 16:12 | 9 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/12/2012 8:09 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914033 | 0 | 5/12/2012 8:09 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/12/2012 9:15 | 31 | 8006848429 |
| Vista | 6195190450 | 7606914215 | 0 | 5/12/2012 9:15 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/12/2012 16:13 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914323 | 0 | 5/12/2012 16:13 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/13/2012 8:25 | 30 | 8006848429 |
| Vista | 6195190450 | 7606914323 | 0 | 5/13/2012 8:25 | 26 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/13/2012 10:27 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914285 | 0 | 5/13/2012 10:27 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/13/2012 14:14 | 33 | 8006848429 |
| Vista | 6195190450 | 7606914256 | 0 | 5/13/2012 14:14 | 29 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 0 | 5/14/2012 8:27 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/14/2012 10:53 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 0 | 5/14/2012 15:22 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/14/2012 19:24 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914348 | 0 | 5/14/2012 19:24 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/15/2012 8:26 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/15/2012 9:42 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/15/2012 15:28 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/15/2012 19:12 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914716 | 0 | 5/15/2012 19:12 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | S | 5/15/2012 20:09 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914344 | 0 | 5/15/2012 20:09 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/16/2012 8:10 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/16/2012 9:31 | 30 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | S | 5/16/2012 19:29 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914590 | 0 | 5/16/2012 19:29 | 28 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/16/2012 20:54 | 28 | 8006848429 |
| Vista | 6195190450 | 7606914777 | 0 | 5/16/2012 20:54 | 27 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 0 | 5/17/2012 8:29 | 65 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | 0 | 5/17/2012 9:51 | 21 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/18/2012 8:16 | 26 | 8006848429 |
| Vista | 6195190450 | 7606914245 | 5 | 5/18/2012 8:16 | 21 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/18/2012 10:05 | 32 | 8006848429 |
| Vista | 6195190450 | 7606914897 | 0 | 5/18/2012 10:05 | 29 | 8006848429 |
| SanDiego_48 | 6195190450 | 6195190450 | F | 5/18/2012 15:57 | 30 | 8006848429 |
| Vista | 6195190450 | 7606914009 | 0 | 5/18/2012 15:57 | 26 | 8006848429 |